**Mary Kay Lewis, Plaintiff-Appellant, v. Ralph Elwood Lewis, Defendant-Appellee.**

**Gen. No. 68–107.**

Third District.

March 12, 1970.

Elliott B. Young, of Peoria, for appellant.

Vonachen, Cation, Lawless, Trager & Slevin, of Peoria (Thomas H. Trager, of counsel), for appellee.

RYAN, J.

This is an appeal from a decision of the Circuit Court of Peoria County modifying the child visitation and support provisions of a Decree of Divorce and ruling on certain Orders to Show Cause previously entered against both parties.

Plaintiff-Appellant, Mary Kay Lewis, and Defendant-Appellee, Ralph Elwood Lewis, were married on May 23, 1959. One child, a son, Ralph Ernest Lewis, was born to the parties on June 26, 1960. Plaintiff filed suit for divorce from defendant in the Circuit Court of Peoria County on February 7, 1966, on the grounds of extreme and repeated cruelty. An entry of appearance signed by the defendant was filed along with the complaint. On the same day, the Court entered a decree granting plaintiff a divorce on the grounds that defendant "has been guilty of extreme and repeated cruelty substantially as set forth in the Complaint." The decree also ordered the defendant to convey certain real estate to the plaintiff and awarded the plaintiff all of the household furniture and furnishings. It awarded the custody of the child to the plaintiff subject to the right of defendant "to visit said child at reasonable times and places." The defendant was ordered to pay $30 per week for child support and to pay all medical expenses of the minor, and to maintain and pay the premiums on a certain $10,000 life insurance policy naming the child as irrevocable beneficiary thereof. The defendant was further ordered to pay all the just debts incurred during the marriage and to pay the plaintiff's attorneys $250.

Within thirty days after the entry of the Decree of Divorce, the defendant received notice of the divorce, read a copy of the decree and consulted a lawyer for advice. A meeting subsequently took place between the parties, and they conferred with their attorneys. Following this, the defendant deeded the plaintiff his interest in the real estate as ordered in the decree and the plaintiff

simultaneously reconveyed the same interest back to him, thus satisfying the direction of the decree yet nullifying its effect. The plaintiff testified that this action followed the statements of the defendant and the defendant's lawyer that they would try to throw the whole divorce out of Court if she didn't accept this arrangement. The defendant testified that an agreement was made between the plaintiff and defendant because he wouldn't give up his interest in the home while he was still on the mortgage and because he objected to paying the bills incurred just prior to the divorce and her attorneys' fees. The defendant decided not to file any petition attacking the decree and did not do so.

On March 15, 1968, which was more than two years following the entry of the Decree of Divorce, the defendant filed a petition to modify the decree which asked that the child support payments be reduced from $30 to $15 per week due to his financial reverses; that the Court fix a time and place for child visitation due to difficulties being encountered in this regard; and that an insurance trust arrangement be set up to replace the direction regarding life insurance in the original decree.

The plaintiff filed a verified reply setting forth that the defendant was in default in the payment of support monies in the sum of $605 as of March 29, 1968; that the defendant had not paid the attorneys' fees nor certain family debts as ordered in the decree; denied that the defendant sustained financial reverses; set forth that the defendant had enjoyed frequent visitation with the minor; and prayed for an affirmative order directing the defendant to comply with the decree.

Simultaneously with the filing of the verified reply, the plaintiff petitioned for a Rule to Show Cause why the defendant should not be held in contempt of Court for his neglect and refusal to comply with the decree. An Order to Show Cause was entered on March 29,

266

1968. Certain other pleadings not pertinent hereto were also filed subsequent to the last mentioned date.

By agreement of the parties, a consolidated hearing on the several pleadings was held on August 28, 1968. Following this hearing, the Court entered an order which found that the parties had an agreement "based upon adequate consideration" that the plaintiff would accept a reduction in child support from $30 to $20 per week "effective on or about July 3, 1967" and that the plaintiff would assume certain indebtedness of the parties; that from July 3, 1967, to August 28, 1968, the difference in the amount of support reduced from $30 to $20 is $780; that the defendant is not in contempt of Court; that the plaintiff is estopped from collecting back child support in the amount of $780, collecting the bills referred to and from collecting attorney fees in the amount of $250; that there has been a material change of circumstances in the financial standing of the defendant and that there has been no evidence of financial hardship on the part of the plaintiff. The Court then ordered that the decree of January 7, 1966 (the date here being incorrect) be modified in the following respects: Child support was reduced from $30 to $20 per week. Visitation rights were explicitly spelled out. The defendant was directed to execute an insurance trust as requested and ordered that the beneficiary could not be changed until the child reached twenty-one years and that "to the extent that any part of the trust fund is not used for the purposes specified, after said child reaches the age of twenty-one, said defendant may terminate the trust and dispose of what is left as he pleases."

The defendant testified that subsequent to the Decree of Divorce he and his former wife entered into agreement concerning reduction of child support, payment of attorneys' fees and payment of the family bills as or-

dered in the original decrees, all of which will be here-
inafter discussed. The defendant deeded his interest
in the marital home to the plaintiff in 1967. Defendant
claims this last conveyance was done in accordance with
their aforesaid agreements. Plaintiff claims it was done
to enable defendant to finance another house he was
purchasing. This was the second conveyance from the
defendant to the plaintiff. The first conveyance was
made shortly after the original decree and was nulli-
fied by the simultaneous conveyance back to the defend-
ant as previously related. He stated that at the time
the original Decree of Divorce was entered, he was earn-
ing in the neighborhood of $11,300 or $11,100, but that
in 1967 it went down to about $9,000 because he had
changed jobs. At the time of the hearing, he stated that
he was earning $171.16 weekly which, after deductions,
left him $130 net. He said that his weekly expenses
amounted to $153.56, figuring in the $30 weekly support
payments. He did some outside work photographing
weddings but this provided only slight income and he got
very little overtime work at his regular job. Plaintiff,
on the other hand, claims that defendant is now making
more than he was before. Defendant testified to difficul-
ties and problems involving child visitation. He stated
that his efforts at visitation had been frustrated. He
related an incident when he wanted to take the child
fishing and the plaintiff refused to let him take fish-
ing poles from the garage, argued with him and called
the police.

Plaintiff is employed by an attorney. Plaintiff denied
any agreement with the defendant. She testified to the
defendant's irregular and insufficient record of child
support payments and his delinquencies in that respect.
There is no question but that the support payments have
not been made in compliance with the original decree and
that a delinquency exists. With regard to the fishing
pole incident, plaintiff said she was afraid to let the

child go because the defendant had previously told her he kept a gun in his car.

The child in this case is in poor health and has had several mouth and throat operations. He may require further surgery.

Plaintiff-appellant raises several issues on appeal: First, was it error to reduce the child support payments from $30 to $20 per week? Second, was it error to modify the visitation provisions of the original decree? Third, was the trial court justified in divesting plaintiff of (a) her right to past due child support payments, (b) attorneys' fees, and (c) payment of family debts all as provided in the decree by declaring an equitable estoppel to exist by virtue of an extrajudicial agreement between the parties? Fourth, did the court err in finding the defendant not to be in contempt of court? Fifth, was it error to direct the implementation of an insurance trust in lieu of the provisions of the original decree as to life insurance.

■ ■ The issue on a petition for modification of child support payments is whether there has been a material change of circumstances of the parties since the entry of the decree. Changed circumstances which permit modification of child support payment provisions relate to the needs of the minor child and the financial circumstances of the parties. The findings and order of the trial court on matters of this nature will not be reversed unless contrary to the manifest weight of the evidence. Kelleher v. Kelleher, 67 Ill App2d 410, 214 NE2d 139 (1966).

■ We have previously reviewed the evidence in this case, which need not be restated here. The trial court, which conducted a long hearing, had ample justification to conclude from the evidence that there was a change in circumstances such as would justify a modification of the divorce decree reducing the weekly child support payments. Numerous factors must be considered

269

by the judge. The demeanor of the witness, his or her apparent honesty or lack of it and candor and forthrightness, are but a few of the elements that cannot be transcribed into a record on appeal. These intangibles are of great importance in assisting the trial judge in reaching a decision when the evidence is conflicting. It is the trial court that observes and hears the witnesses and analyzes the testimony. It is not for a court of appeal to substitute its findings for those of the trial court unless such findings are clearly and palpably erroneous and against the manifest weight of the evidence. Swan v. Swan, 331 Ill App 295, 73 NE2d 153 (1947); Horn v. Horn, 5 Ill App2d 346, 125 NE2d 539 (1955); Gillespie v. Gillespie, 70 Ill App2d 38, 216 NE2d 462 (1966). Accordingly, finding ample evidence in the record to sustain the findings of the trial judge, we are not disposed to reverse those findings. In this case, the appellate court is being asked to overrule the decision of a trial court that the weekly child support payment should be $20 instead of $30 as sought by appellant. The sum of $20 per week appears to be a rather modest sum for the father to contribute toward the support of his child in this case. However, there was evidence from which the trial court could conclude that the financial circumstances of the defendant had worsened so as to justify the reduced schedule. We are not inclined in such a case to substitute our conclusion for that of the trial judge.

■ ■ For the same reason we do not favor substituting our judgment for that of the trial judge on the question of visitation. There was evidence that considerable difficulty arose under the "reasonable" visitation provisions of the original decree. We feel that the court did not abuse his discretion in spelling out specific provisions for visitations in the modified decree.

■ Concerning past-due support payments, the original decree had specifically ordered the payment of $30

270

per week as child support payments. At the hearing herein being reviewed, the trial court found that the defendant had not made the payments of child support as ordered and that the sum of $780 remained unpaid thereunder. However, the trial court found that plaintiff and defendant had entered into an agreement that the child support payments be reduced from $30 per week to $20 per week and that by virtue of the principle of equitable estoppel, plaintiff cannot now collect the accumulated amount due under the original decree. With this conclusion we cannot agree. The amount of child support payments which had accumulated was a vested right and could not be changed by a subsequent order of the court. Shuff v. Fulte, 344 Ill App 157, 100 NE2d 502. Nor could it be taken away. Stewart v. Stewart, 1 Ill App2d 283, 286, 117 NE2d 579.

■ The defendant, in reliance upon Anderson v. Anderson, 48 Ill App2d 140, 198 NE2d 342, contends that under an alleged agreement with the defendant, plaintiff had agreed to accept $20 per week and is now estopped to enforce the original decree. First, let us point out that as to child support payments the evidence does not support the contention that there ever was such an agreement. The defendant contends the agreement was entered into on July 3, 1967. He stated that he thereupon reduced the payments from $30 to $20 per week. There apparently had been a discussion of such a reduction in payments at that time, but there is no indication that plaintiff had agreed thereto. There was apparently further discussion on the subject on September 25, 1967, when defendant conveyed his interest in the house to plaintiff. Subsequent to this transaction, defendant again tried to persuade plaintiff to agree to a reduction in child support payments from $30 to $20 per week. Sometime in October, 1967, he presented to plaintiff a document which he himself had prepared, which purported to release him from any past deficiencies in

271

child support payments and by which plaintiff agreed to a reduction of such payments from $30 to $20 per week in the future. Plaintiff flatly refused to execute the document. Apparently there was no further discussion between plaintiff and defendant regarding a reduction in payments, but defendant stated that after plaintiff refused to sign the document which he had prepared, he consulted a lawyer. In March, 1968, a petition to modify the decree was filed by defendant, asking that the court reduce the support payments from $30 per week to $15 per week. The petition contains no allegation of any agreement with plaintiff concerning a reduction nor did the petition to modify ask any relief from past-due amounts which had accrued under the original decree. We feel that this chain of events strongly contradicts the existence of any agreement between plaintiff and defendant to reduce child support payments or that plaintiff accepted the lesser amount paid by defendant in satisfaction of the obligation under the original decree. The factual picture presented here is far different from the severe factual situation presented in Anderson v. Anderson, supra, and cases cited therein. We accordingly hold that the court erred in holding that the plaintiff is estopped from claiming the amount of $780 child support payments which had accrued prior to the order modifying the decree.

As to the provisions in the original decree concerning the payment of certain outstanding bills and attorneys' fees, we feel that these provisions also constituted rights of the plaintiff which the decree had vested. However, the evidence indicates that there had been no discussion or contention between the parties concerning these items for almost two years. As previously stated, the defendant upon receiving a copy of the original decree, learned to his dismay that it contained certain provisions which he had not contemplated, such

as conveying the marital home to plaintiff, paying certain bills and attorneys' fees. A meeting was had between the parties and their attorneys whereat the conveyances and reconveyances of the real estate was accomplished. There is testimony concerning an accompanying discussion of outstanding bills and attorneys' fees. There is no evidence of any subsequent dispute concerning these items until after the defendant filed his petition to modify the decree in regard to support payments. We feel that the evidence supports the trial court's finding that the parties had entered into an agreement as to these items. She quite obviously had accepted other consideration in satisfaction thereof. We are not disposed to disturb the trial court's finding and order in this regard.

 Plaintiff objects to the consideration of the grounds of equitable estoppel for the reason that it was not pleaded. However, plaintiff failed to make timely objections in this regard at the trial. Both parties tried the case as though this issue was involved. Both parties presented evidence as to the existence or non-existence of agreements between the parties and witnesses were examined and cross-examined in relation thereto. We hold that the plaintiff has waived any objection she may have had to defendant's failure to plead this issue. She cannot now raise the objection in this court. Slezak v. Fleming, 392 Ill 387, 64 NE2d 734; McKinney v. Nathan, 1 Ill App2d 536, 117 NE2d 886.

 As above discussed, we do not agree with the finding of the trial court that the parties hereto had agreed to the reduction of child support payments from $30 per week to $20 per week. However, we do feel that there is evidence in the record to support the finding of the trial court that the defendant's failure to make the full payments was not willful. The power

to enforce payment of support money by contempt is limited to cases of willful and contumacious refusal to obey the order of the court. Wick v. Wick, 19 Ill2d 457, 461, 167 NE2d 207. Accordingly, we hold that the trial court was correct in finding that the defendant was not in contempt of the court.

Finally, we must consider that portion of the order which established an insurance trust to replace the direction in the original decree. There was no agreement as to such matter. The original decree provided that the defendant maintain and pay the premiums on a certain life insurance policy and name the child as irrevocable beneficiary thereon. The new provision materially changes the child's rights in the policy and its benefits. The original decree established the insurance policy as a vested right for and in behalf of the child. It was error for the court to modify the provision of the decree concerning the insurance policy.

Accordingly, the decree of the Circuit Court will be affirmed in part and reversed in part and remanded to the Circuit Court of Peoria County for further proceedings consistent with the views expressed herein.

Affirmed in part, reversed in part, and remanded.

STOUDER, P. J. and ALLOY, J., concur.