MARIAN DEAN GRAHAM, Plaintiff-Appellant, *v.* ROY A. GRAHAM, Defendant-Appellee.

(No. 12425;

Fourth District—August 28, 1974.

David N. Howarth, of Howarth Law Offices, of Springfield, for appellant.

Phelps, Russell, Carmody & Kasten, of Springfield (Carl E. Kasten, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-appellant Marian Dean Graham appeals from an order, entered July 13, 1973, which modified the child support and visitation provisions of the divorce decree.

Plaintiff and defendant-appellee Roy A. Graham were divorced on May 15, 1970. They are the parents of two children, Carole and Geoffrey, aged 5 and 3 at the time of the divorce decree. The parties had agreed to disposition of property, child support, custody and related matters. The trial judge approved the agreement, and in accord with its provisions awarded custody of the children to plaintiff with "reasonable visitation" to defendant, and, as agreed by the parties, ordered defendant to pay the sum of $20 per week child support until July 1, 1971, and thereafter $30 per week until the further order of the court, and to pay all medical bills incurred on behalf of the children plus hospital and medical insurance for them.

On November 16, 1972, defendant petitioned for modification of the decree. On March 23, 1973, the trial judge modified the decree by increasing child support to $160 per month to commence February 6, 1973

(the date of the hearing on the petition), and relieved defendant from the obligation to provide medical care and related insurance coverage.

On May 22, 1973, defendant filed his second petition for modification. He sought to be relieved of the $160 per month child-support obligation, alleging that he would have no income after June, 1973 and that this circumstance would prevail until he completed his Doctor's degree. After hearing, the trial judge, on July 13, 1973, entered the order appealed from, the essential terms of which provided that child support was reduced to $80 per month as of August 1, 1973, and was to continue at that figure until August 1, 1974, at which time the payments were to be resumed at $160 per month. The order also found defendant to be $226.18 in arrears on child support and directed this to be paid off at the rate of $20 per month. Visitation was modified from "reasonable visitation" to give defendant visitation with the children every other weekend and alternate holidays. The order contained a finding that the above modifications were in the best interests of the children.

The record establishes the following pertinent facts: Plaintiff has remarried, and is employed by Springfield School District No. 186 at an annual salary of $9216. Defendant was an English instructor at Blackburn College in Carlinville, Illinois. Commencing in July, 1973, he went on unpaid leave of absence in order that he might finish his Ph.D. at the University of Illinois. He had commenced work on the degree in 1967 and has worked on it every summer since then, plus the academic year 1970-71, and the academic year 1973-1974 (which was in immediate prospect at the time of the entry of the order appealed from). Defendant financed his studies during the academic year 1970-71, during which he was on leave of absence from Blackburn College, by a loan from that college. The school assisted him in his endeavor to secure his doctor's degree by making him a $5000 loan. The loan agreement provides that for each year that defendant retains his teaching position at Blackburn, after receiving his degree, his obligation will be credited in the sum of $1000 plus the interest accrued for the year. After five years of teaching the entire debt would thus be cancelled.

In January, 1973, the defendant was advised by the University of Illinois that his time period for the completion of his degree had expired. He was further advised that if he were to be allowed to finish the degree he would be required to establish evidence of his intention to do so, to fix a specific date for completion, convince his advisor that he could accomplish the task within the time limits established, and demonstrate that he would be working to attain the degree. The defendant had commenced work on his doctorate in 1967, during his marriage to plaintiff. If the foregoing conditions were not met, defendant's efforts

and financial investment made since 1967 would have been wasted. In addition he would have immediately become liable to repay the entire $5,000 loan, with interest, to Blackburn College.

Defendant received his last check from Blackburn in June, 1973; his leave of absence expires in June, 1974. He estimated that he would have no income during his year at the University of Illinois. His only significant asset is an automobile upon which he believed he could secure a $1,000 loan. Defendant testified that having his doctor's degree would give him something to negotiate with on his job, and that without such a degree it would be impossible to get on the application list for another job.

The plaintiff urges that the trial judge abused his discretion in reducing defendant's child support obligations since defendant had voluntarily placed himself in a position where he would have no income.

■■ Section 18 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 19) authorizes the trial court, "* * * on application, from time to time * * *," to terminate or alter child support provisions previously ordered. The modification of provisions for payment of child support rests in the sound discretion of the trial court, and an order modifying such provisions will not be disturbed on review unless the record demonstrates an abuse of that discretion (*Scalfaro v. Scalfaro*, 123 Ill.App.2d 23, 259 N.E.2d 644). The burden of demonstrating circumstances warranting modification is on the party seeking the modification. *Daum v. Daum*, 11 Ill.App.3d 245, 296 N.E.2d 614.

Defendant's response to written interrogatories answered in connection with the petition which resulted in the March 23, 1973, modification order clearly indicates his belief, at that time, that he did not anticipate that he would need to be relieved of his teaching duties for an entire academic year at Blackburn. At that time he believed that he could attain the degree by attending summer school, as he had done in the past, and work out of his home in Carlinville. He no longer believed this to be possible at the time of the hearing on the petition which resulted in the order of July 13, 1973.

■■ *Gaines v. Gaines*, 106 Ill.App.2d 9, 245 N.E.2d 574, is cited for the proposition that a change of circumstance must be "permanent" before modification of a decree is warranted. In *Gaines* it was held that loss of pay because of suspension from the Chicago Police Department for a period of five days was not a permanent change in defendant's circumstances warranting "permanent reduction" in support payments, and the holding in *Gaines* is to be read in the context of the factual circumstances there present. In *Lewis v. Lewis*, 120 Ill.App.2d 263, 256 N.E.2d 660, the trial court reduced the amount of child support from the sum

previously ordered. Defendant's income had been reduced because he had changed jobs. The modification was affirmed on appeal.

In *Hamill v. Hamill*, 38 Ill.App.2d 180, 186 N.E.2d 781, the court held that petitioner's loss of income under the G.I. Bill of Rights was not a sufficient showing of change of financial circumstances warranting modification of the decree. It is impossible to tell from the opinion in *Hamill* whether or not the defendant had voluntarily left school prior to graduation or had simply quit. However, the court pointed out that the petitioner had substantial income from stock and bond interest and dividends, that the child support in question had, in fact, been paid by petitioner's father and that at the time of the hearing the petitioner was driving an expensive automobile, living in a house furnished by his father and spending more than the child support in question for entertainment, telephone and automobile expenses.

In *Martinec v. Martinec*, 17 Ill.App.3d 402, 308 N.E.2d 161, the defendant appealed from an order reducing child support payments from $140 a month to $60 a month. The order also provided that the reduction would remain in abeyance and accrue to the benefit of the minor child and that the plaintiff would not be required to pay the same until he completed or terminated his college education and was available for full time employment. The plaintiff had quit his job as a full-time policeman for the city of Chicago and had become a full-time college student. It was held that "a voluntary change in occupation or employment made in good faith may constitute a material change in circumstances sufficient to warrant a modification of child support payments." The appellate court observed that the plaintiff had acted in good faith in leaving his position as a Chicago police officer with a view to becoming a lawyer. The court found that this change in occupation was made in good faith and found that the reduction of support payments ordered by the trial court did not constitute an abuse of discretion. The *Martinec* court cited with approval the case of *Roberts v. Roberts*, 1 Ore. App. 106, 459 P.2d 562. There the court had ordered the reduction in support payments. The defendant had sold his dental practice which earned him some $18,000 per year and returned to school, so that his present income was sharply diminished. The *Roberts* court noted that the reduction in the support payments would be only a temporary reduction while the defendant was in school and would be subject to review at a subsequent date.

■■ Here, the record amply demonstrates that defendant's request for reduction of child-support payments for the period covered by the order in question was not prompted by a desire to evade his responsibility. His efforts to better his academic bargaining position and job security had been commenced some five years prior to the request. The condition

imposed by the University of Illinois posed for defendant the prospect of the forfeiture of five years of effort, in addition to rendering due the $5,000 note and accrued interest. The order of the trial judge did not relieve defendant of all responsibility for child support for the period in question. The amount ordered paid is approximately equal to the loan value of his only significant asset, the automobile. Here the defendant's temporary cessation of income, incurred voluntarily, but in good faith, prompted the trial judge, in the exercise of judgment and discretion, to enter the questioned order. We find no abuse of that discretion.

■■■ Plaintiff also complains of the order of the trial judge which directed defendant to pay off an arrearage in child support amounting to $226.18 at the rate of $20 per month beginning August 1, 1974. The recipient of child-support payments has a right in arrearages accruing before the date of the petition (*Needler v. Needler*, 131 Ill.App.2d 11, 268 N.E.2d 517), and the court may not modify such payments in which a party has a vested right. It appears that the arrearages here in question had accrued following the filing of the petition, and, therefore, plaintiff had no vested rights therein, and the trial judge had jurisdiction to enter the order.

We have considered plaintiff's contentions relating to the modification of visitation privileges and find no merit therein.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.