In re MARRIAGE OF ANNA KOWSKI, Petitioner-Appellee, and THAD-DEUS KOWSKI, Respondent-Appellant.

First District (4th Division)   No. 83—829

Opinion filed April 26, 1984.

Michael W. Rathsack, of Chicago (Marcia Lipkin and Michael W. Rathsack, of counsel), for appellant.

Walter M. Ketchum, Ltd., and Law Office of Patrick S. Moore, both of

Chicago (Patrick S. Moore, of counsel), for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Thaddeus Kowski (respondent) appeals from an order of the circuit court of Cook County which denied his petition to reduce maintenance obligations to Anna Kowski (petitioner). The trial court denied the petition on the grounds that a substantial change had not occurred in respondent's circumstances, in that he had voluntarily obtained a new employment without first attempting to find a position that would duplicate the earnings of his previous employment. The sole question presented for our review is whether respondent's failure to attempt to duplicate his earnings before voluntarily changing his employment to a position of lesser income was sufficient grounds to deny his petition for reduction in maintenance payments. We find that it was not, and accordingly reverse and remand.

The parties were divorced on September 21, 1973, by judgment for dissolution of marriage, which also ordered respondent to pay $700 per month for maintenance to petitioner. Respondent filed his petition for modification of this judgment to reduce maintenance on February 4, 1981. He alleged therein that his annual income had decreased from $30,000 in 1973 to $18,200 in 1981, his cost of living had increased substantially, petitioner's annual income had increased substantially, and there had been a substantial change in circumstances. Accordingly, he requested that the court reduce the spousal maintenance due petitioner to reflect their needs and incomes.

Petitioner filed her answer to this petition on March 6, 1981, denying that respondent was entitled to the relief sought. On that date she also petitioned the court to enter a rule to show cause against respondent, alleging that since January 1, 1981, he had paid her maintenance of only $400 per month.

On October 12, 1982, the court held a hearing at which respondent testified to determine the circumstances of his change in employment and resulting reduction in income. As a result of this hearing, the trial court found that in 1980 the company at which respondent had been employed since 1948 had been bought by new owners who had immediately changed and increased his work responsibilities without an increase in salary. It further determined that this had caused respondent's health to become jeopardized and that he voluntarily changed his employment in December 1980 by leaving this position and buying into a new company, Formatic, Inc. The court noted that respondent's present work was similar to that he had performed at his previous employment; that he had decided to purchase the busi-

ness interest in Formatic before he terminated his previous employment; that he had not been offered employment by another company; and that he had not experienced an increase in salary at his new position and did not anticipate one.

Respondent's testimony further reveals that he had decided to leave his previous position because his employers had made statements intimating that he would be imminently replaced or fired, because he anticipated a decrease in salary, and because the situation had so impaired his health he had been obliged to seek medical attention for a number of months until his departure. Moreover, the testimony indicates that he had not sought alternative employment prior to his decision to purchase an interest in Formatic because he felt the effort would be fruitless in view of his age (55) and the fact that others of his acquaintance, some younger than he, had encountered considerable difficulty in their attempts to procure new employment. The record discloses that respondent purchased Formatic along with a partner, also experienced in the field, on an installment plan for a price of $95,000 payable over five years. The purchase agreement limited respondent's salary to $18,000 during this acquisition period unless profits warranted an increase.

The trial court denied the respondent's petition for modification in a written order dated November 9, 1982. It concluded that the crucial factor was whether the husband's change in employment had been "voluntary" or "necessary." It determined that the change, although necessary to the husband's health, had been nonetheless voluntary because it had come about in a way that was entirely of respondent's own design. The court reasoned:

> "Knowing his maintenance responsibilities pursuant to the [divorce] judgment, he still put himself in a position where he would earn considerably less and where it would be financially difficult to maintain his responsibilities. As Petitioner, he has not shown the court that he made his plans upon a full investigation of all the possibilities in an effort to continue with his existing obligations."

For these reasons, the trial court concluded that the circumstances did not warrant a modification of respondent's maintenance obligations.

Respondent requested that the trial court reconsider its order on December 14, 1982, claiming that his change in employment had been a substantial change in circumstances justifying a reduction in maintenance. After considering the parties' oral and written arguments, the trial court denied this motion on March 7, 1983. In a written decision,

the court concluded that this result was appropriate because the respondent's "employment search was limited and not designed to duplicate his earning ability" and the change had been only voluntary, rather than necessary. Respondent's appeal followed.

Respondent argues that the trial court committed reversible error in its conclusion that a substantial change of circumstances is not shown where a husband voluntarily changes his employment to a position which reduced his income without first attempting to locate a position which duplicates his previous income. He maintains that the correct standard by which to determine a substantial change in circumstances in this context is whether the husband's voluntary change in employment has been made in good faith, *i.e.*, not in an attempt to avoid his maintenance obligations. He claims that a husband's occupation or employment change may be voluntary rather than necessary, and that his failure to attempt to duplicate his earnings does not automatically constitute bad faith, as the trial court essentially concluded. We agree.

The Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 101 *et seq.*) provides in relevant part:

"[T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances." Ill. Rev. Stat. 1981, ch. 40, par. 510(a).

It is well established that a spouse's voluntary change in occupation or employment made in good faith may constitute a substantial change in circumstances sufficient to warrant modification of maintenance or child support. (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785; *In re Marriage of Ebert* (1980), 81 Ill. App. 3d 44, 400 N.E.2d 995; *Martinec v. Martinec* (1974), 17 Ill. App. 3d 402, 308 N.E.2d 161 (abstract of opinion); *Lewis v. Lewis* (1970), 120 Ill. App. 2d 263, 256 N.E.2d 660.) Good faith is not shown where it can be determined that the change has been prompted by a desire to evade financial responsibilities to the supported spouse. (*In re Marriage of Ebert* (1980), 81 Ill. App. 3d 44, 400 N.E.2d 995; *In re Marriage of Uphoff* (1980), 80 Ill. App. 3d 145, 398 N.E.2d 1243; *Glass v. Peitchel* (1976), 42 Ill. App. 3d 240, 355 N.E.2d 750.) Such a voluntary, good faith change in employment need not equal or increase the spouse's income; indeed, substantial reductions may be permissible and do not *per se* constitute lack of good faith. (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785; *Graham v. Graham* (1974), 21 Ill. App.

3d 1032, 316 N.E.2d 143; *Martinec v. Martinec* (1974), 17 Ill. App. 3d 402, 308 N.E.2d 161 (abstract of opinion).) As the court stated in *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 133, 416 N.E.2d 785:

> "Following dissolution of marriage, the custodial parent and children cannot be allowed to freeze the other parent in his employment or otherwise preclude him from seeking economic improvement for himself and his family. So long as his employment, educational or investment decisions are undertaken in good faith and not deliberately designed to avoid responsibility for those dependent [on] him, he should be permitted to attempt to enhance his economic fortunes without penalty."

Consequently, modification of support obligation is appropriate where the supporting spouse terminates his employment to further his education (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785; *Graham v. Graham* (1974), 21 Ill. App. 3d 1032, 316 N.E.2d 143; *Martinec v. Martinec* (1974), 17 Ill. App. 3d 402, 308 N.E.2d 161), has suffered substantial economic setbacks resulting from investments (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785; *Elizer v. Elizer* (1976), 36 Ill. App. 3d 552, 344 N.E.2d 493), or has encountered a reduction in income because of a change in employment or occupation. (*Lewis v. Lewis* (1970), 120 Ill. App. 2d 263, 256 N.E.2d 660; *Fogel v. Fogel* (1969), 184 Neb. 425, 168 N.W.2d 275; *Nelson v. Nelson* (1960), 225 Ore. 257, 357 P.2d 536.) Both *Fogel* and *Nelson* have been considered persuasive by courts in this State. (See *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785; *Graham v. Graham* (1974), 21 Ill. App. 3d 1032, 316 N.E.2d 143; *Martinec v. Martinec* (1974), 17 Ill. App. 3d 402, 308 N.E.2d 161.) We are equally persuaded in the instant case. Ordinarily a man makes an investment or changes his occupation with the hope of improving his prospects for the future, including his own standard of living as well as that of his dependents. (*Fogel v. Fogel* (1969), 184 Neb. 425, 428, 168 N.W.2d 275, 277.) Moreover,

> "[A spouse] may wish to turn to another occupation, even though it calls for a permanent reduction in his income, because it holds the prospect of a more satisfying life for him. He should be permitted to choose such a course of action with the expectancy that the law will reduce the amount of the support money called for by the decree if it is the conclusion of the court that his hardship outweighs the hardship which would be visited upon his [dependents]." *Nelson v. Nelson* (1960), 225 Ore. 257, 264, 357 P.2d 536, 540.

The trial court in this cause concluded that reduction was inappro-

priate because respondent had voluntarily changed jobs and had failed to attempt to find employment which duplicated his earnings. The analysis set forth above, however, indicates that he was under no *absolute obligation* to do so. The proper standard to be applied was whether the husband had acted in good faith, or whether he had changed employment merely to evade his maintenance obligations.

■ The record reveals that the husband's change in employment was prompted by his concern over his health, his displeasure with the circumstances of his previous employment, and his reasonable conclusion that an extended job search to find comparable employment at a similar salary level would be fruitless. It is also reasonable to infer that the husband became co-owner of Formatic in order to avoid a recurrence of the events in his previous employment that had prompted his departure, *i.e.*, a lack of job security because he could be discharged from his position by the owner of the company. There is no evidence in the record to indicate that the husband's change in employment was prompted by a desire to evade his maintenance obligations. In fact, the record discloses good faith on the part of the husband to find suitable employment which did not jeopardize his health and permitted him to receive an income which may well increase substantially in the future. Accordingly, we reverse and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

JIGANTI and O'CONNOR, JJ., concur.