573 So.2d 1389 (1990)
Teresa R. TINGLE
v.
Robert L. TINGLE, Jr.
No. 89-CA-1260.
Supreme Court of Mississippi.
December 27, 1990.
*1390 Thomas J. Lowe, Jr., Jackson, for appellant.
Travis T. Vance, Jr., Vicksburg, for appellee.
Before HAWKINS, P.J., and PITTMAN and BLASS, JJ.
PITTMAN, Justice, for the Court:
On May 30, 1989, appellee, Robert Tingle, filed a Motion to Modify Former Decree concerning the amount of child support he was required to pay. He alleged that because he had terminated his employment and returned to college as a full-time student, that there had been a substantial and material change in his circumstances since the original decree entered by the Chancery Court of Warren County, Mississippi. After hearings before the Honorable Nathaniel Bullard, the amount of child support to be paid by Robert Tingle was reduced from One Hundred Thirty Dollars ($130.00) every two weeks, to One Hundred Seventy Two Dollars ($172.00) per month. Finding error in the lower court, we reverse the judgment of the chancery court.

I.
The facts of this case are relatively simple. Robert Tingle was divorced from his wife on December 5, 1988. At the time of his divorce, he was working as a federal employee at the Waterways Experiment Station in Vicksburg, Mississippi. Mr. Tingle worked in this position for eleven (11) years and had reached the highest salary possible for a person with his level of education and training. Through his employment, Mr. Tingle continually applied for college training via the various government programs available for that purpose. His applications, however, were consistently denied. As a result, Robert Tingle left his job and enrolled as a full-time student at the University of Southern Mississippi to study computer science.
On May 30, 1989, a few days after Mr. Tingle's enrollment in college, he sought to modify his child support obligation to an amount commensurate with his diminished financial status. The decree appellee sought to modify provided that Robert Tingle would pay his wife One Hundred Thirty ($130.00) every two weeks as support for the couples' minor child. The decree also provided that Mr. Tingle would carry health, hospitalization and accident insurance for his child as well as pay all medical, dental, orthodontic and optical costs, together with one-half of all prescription drugs. Finally, Mr. Tingle was to maintain a life insurance policy in the amount of Fifty Thousand Dollars ($50,000.00).
Robert Tingle sought to modify the divorce decree alleging that the circumstances surrounding the parties had materially changed in that appellee was no longer gainfully employed. Mr. Tingle's motion was heard on July 24, 1989, without appellant's knowledge. Upon hearing the oral testimony of Robert Tingle, the Chancellor found that appellee was unemployed and was attending a university in order to obtain an education and to obtain gainful employment. The lower court further found that appellee Tingle suffered from a *1391 physical handicap[1] and had available to him an opportunity to obtain an education to enable appellee to better provide for himself and his minor child. The court then: (1) reduced the child support owed by appellee from One Hundred Thirty Dollars ($130.00) every two weeks to Eighty Dollars ($80.00) every two weeks so long as Mr. Tingle pursues a college education; (2) removed the provision requiring Mr. Tingle to pay for medical costs not covered by insurance; and (3) reduced the face value of the life insurance carried by Mr. Tingle from Fifty Thousand Dollars ($50,000.00) to Fifteen Thousand Dollars ($15,000.00).
Teresa Tingle, having learned of these proceedings, obtained new counsel and filed a motion for New Trial and for Relief from Order as well as a Motion to Modify the Order reducing appellee's support obligation. These motions were heard on September 12, 1989, before the Honorable Nathaniel Bullard. After hearing the evidence presented by the parties, the Chancellor ruled that the earlier decree, reducing the amount of child support to be paid by Robert Tingle, should be upheld. The Chancellor reinstated, however, Robert Tingle's responsibility for the payment of all medical expenses not covered by insurance as well as the maintenance of a Fifty Thousand Dollar ($50,000.00) life insurance policy.

II.
Teresa Tingle argues on appeal that the lower court was in error when it ruled that Robert Tingle sustained a material change of circumstances when he voluntarily left his employment and enrolled in the University of Southern Mississippi. We agree.
Modification of divorce decrees is governed by Miss. Code Ann. § 93-5-23 (Supp. 1988). This statute provides in part:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and shall, if need be, require bond, sureties or other guarantee for the payment so allowed. Orders touching on custody of the children of the marriage may be made in accordance with the provisions of Section 93-5-24. The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require. However, where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each....
To justify changing or modifying an original divorce decree, there must be a material or substantial change in the circumstances of the parties. The material or substantial change is relative only to the after-arising circumstances of the parties to the original decree. Clark v. Myrick, 523 So.2d 79, 82 (Miss. 1988); Shaeffer v. Shaeffer, 370 So.2d 240, 242 (Miss. 1979). This change, moreover, must also be one that could not have been anticipated by the parties at the time of the original decree. Morris v. Morris, 541 So.2d 1040, 1043 (Miss. 1989); Trunzler v. Trunzler, 431 So.2d 1115, 1116 (Miss. 1983).
In Morris v. Morris, this Court was faced with an attempt to modify a child support decree that was based upon an agreement reached by the parties in that case. Mr. Morris agreed to a support obligation of Nine Hundred Fifty Dollars ($950.00) per month when, at the time of the agreement, he was receiving temporary severance pay in the amount of Seventeen Hundred Forty Dollars ($1,740.00) per month. Mr. Morris sought to modify his support obligation three (3) months after the original decree had been entered alleging that his severance pay had terminated and that he was now employed at a monthly salary of Nine Hundred Seventy Two *1392 Dollars ($972.00) per month. This change, according to Mr. Morris, constituted a material and substantial change in circumstances entitling him to a reduction in his support obligation. This Court, noting the short time period from the original decree of support and the motion to modify, disagreed.
In Morris, this Court ruled that although a material change in circumstances existed, the change in circumstances was such that it could reasonably have been anticipated. The Court stated:
There is little doubt that a decrease in one's income from Seventeen Hundred Forty Dollars ($1740.00) per month to Nine Hundred Seventy Two Dollars ($972.00) per month qualifies as a material or substantial change, especially when one is obligated to pay Nine Hundred Fifty Dollars ($950.00) per month in child support alone. The question then becomes whether the change occurred as a result of the after-arising circumstances of the parties, or whether it was something that could have been reasonably anticipated by the parties to the agreement at the time of the agreement.
* * * * * *
This Court does not question Mr. Morris' sincerity in signing the Amended Agreement. However, we find that under these circumstances we must hold him to the Agreement. To allow a modification under these circumstances would effectively negate the settled provision of § 93-5-2... . Not only was the trial court not manifestly in error, but it was correct when it found that there had been no material or substantial change in Mr. Morris' financial situation which would warrant modification of the Amended Agreement.
Morris, 541 So.2d at 1043.
The case at bar is similar to the case above in many respects. In Morris, this Court ruled that Mr. Morris should have anticipated that his severance pay would terminate when the original decree was entered. The Court placed great weight on the short lapse of time, three (3) months, between the original decree and the attempt to modify. In our case, we have a divorce decree awarding child support entered on December 5, 1988. Mr. Tingle sought to modify this decree within six (6) months alleging that he had quit his employment and enrolled as a student in a four-year university. It is reasonable to believe that this action, by appellee, was anticipated at the time of the original divorce decree. This proposition, moreover, is evidenced by Mr. Tingle's testimony in this matter.
Robert Tingle testified that during his employment with the federal government, he continually applied for government programs that would allow him to return to college. He stated however, that his applications were consistently refused. Mr. Tingle also testified that while employed at his previous position, he had attended night school at Hinds Junior College in an attempt to further his education. He stated that while enrolled at Hinds, he had completed twelve (12) semester hours and had maintained a "B" average. Based on this testimony, it is reasonable to believe that Mr. Tingle determined that he would be furthering his education long before December of 1988. Consequently, these facts would not justify a modification of child support under the dictates of Morris v. Morris.
Appellee cites this Court to other jurisdictions that have considered a modification of child support when the payor spouse voluntarily terminates his employment. Appellee cites In Re: The Marriage of Anna Kowski, 123 Ill. App.3d 811, 79 Ill. Dec. 286, 463 N.E.2d 840 (1984), where that court stated:
It is well established that a spouse's voluntary change in occupation or employment made in good faith may constitute a substantial change in circumstances to warrant a modification of maintenance or child support... . Good faith is not shown where it can be determined that the change has been prompted by a desire to evade financial responsibilities to the supported spouse... . Such a voluntary, good faith change in employment need not equal or increase *1393 the spouse's income; indeed, substantial reductions may be permissible and do not per se constitute lack of good faith. (cites omitted).
Kowski, 79 Ill.Dec. at 289, 463 N.E.2d at 843. The Court, in Kowski, went on to analyze the various factors that had been used in that state to modify support decrees. The court stated, "Consequently, modification of a support obligation is appropriate where the supporting spouse terminates his employment to further his education." Id. 79 Ill.Dec. at 290, 463 N.E.2d at 844. This language, according to appellee, would show that his enrollment in college is a material or substantial change in circumstances such that he would be entitled to a reduction in his support obligation. This Court would agree to the extent that a party may petition the courts of this State to seek to modify a support obligation to further one's education. Our intention is not to close the door on all parties who may find themselves under these circumstances. However, under the facts of the case at bar, the unilateral acts of the appellee do not justify a reduction in his child support obligation.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
BLASS, J., specially concurs by separate written opinion.
DAN M. LEE, P.J., dissents without written opinion.
BLASS, Justice, concurring:
I concur in the result reached in this case, and write only because I feel that the opinion may be interpreted to indicate that no voluntary reduction in income can ever be considered such a change in circumstances as to justify a modification of a child support decree. The child support sought to be reduced in this case was at such a level that, in my opinion, the appellee should have been able to continue to make provisions to meet it despite the fact that he was attending a university. There may be cases, however, where, as the Chancellor apparently understood it here, the best interest of the child and all concerned would require the father to take a substantial reduction in income in order to become qualified to provide for substantial support for the child in the future. In this case, it may well be that starting level salaries in appellee's field after he shall have graduated will very considerably exceed the top salary possible at his old employment. Certainly, the child will be better off when college age is reached if the father's income has continued to rise.
In the instant case, however, I am of the opinion that this support was at such a level that it could have been continued during the appellee's college attendance and I concur with the result reached by the majority.
DAN M. LEE, P.J., and PRATHER, J., concur.
NOTES
[1] Robert Tingle has an artificial leg which is fitted just above his left knee.