IN THE COURT OF APPEALS

7/29/97

OF THE

STATE OF MISSISSIPPI

NO. 96-CA-00334 COA

GERALDINE GORDON ROBINSON APPELLANT

v.

BOBBY EARL ROBINSON APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. THOMAS L. ZEBERT

COURT FROM WHICH APPEALED: RANKIN COUNTY CHANCERY COURT

ATTORNEY FOR APPELLANT: DANNYE L. HUNTER

ATTORNEY FOR APPELLEE: CHRISTOPHER A. TABB

NATURE OF THE CASE: DOMESTIC RELATIONS

TRIAL COURT DISPOSITION: MODIFICATION OF DIVORCE DECREE GRANTED; APPELLEE'S MONTHLY ALIMONY OBLIGATION OF $300 REDUCED TO $150

MOTION FOR REHEARING FILED: 8/13/97

CERTIORARI FILED: 10/20/97

MANDATE ISSUED: 12/17/97

BEFORE McMILLIN, P.J., HERRING, AND KING, JJ.

HERRING, J., FOR THE COURT:

Geraldine Gordon Robinson appeals to this Court from a judgment of the Chancery Court of Rankin County, Mississippi, which modified the terms of a prior judgment of divorce and reduced the amount of alimony which Bobby Earl Robinson, her former husband, was required to pay to her. She assigns the following errors:

I. THE CHANCERY COURT COMMITTED REVERSIBLE ERROR BY REDUCING APPELLANT'S PERIODIC ALIMONY.

II. THE COURT COMMITTED REVERSIBLE ERROR BY NOT AWARDING TO APPELLANT ALL OF HER LITIGATION EXPENSES.

After careful examination of the record and applicable law, we affirm the ruling of the trial court.

FACTS

Bobby and Geraldine Robinson were granted a divorce on the ground of irreconcilable differences by judgment dated September 29, 1993. On that same day, they entered into a "marital dissolution agreement," which was attached to the judgment. The agreement required Bobby to pay monthly periodic alimony to Geraldine in the sum of $300.00 per month and to maintain, in the nature of alimony, life insurance on his life in the sum of $50,000.00. Additionally, he was required to name Geraldine as the beneficiary of the life insurance policy.

By virtue of the marital agreement, the parties divided the personal property which they had accumulated during their marriage, including their motor vehicles. In addition, the parties divided all of their assets accumulated in a local bank, as well as all other financial holdings. Bobby conveyed to Geraldine all of his interest in the homestead property of the parties and agreed to pay off an indebtedness for which this property had been placed as security in the sum of $6,982.83. Bobby's assumption of this obligation was characterized in the agreement as lump sum alimony, although he only agreed to pay off this indebtedness in monthly increments of $274.21 per month. Furthermore, Bobby agreed to pay an additional $3,000.00 to Geraldine so that she could repay her father for a loan which he made to the parties for their child's college expenses. All other indebtednesses of the parties was satisfied according to the terms of the agreement. Finally, Bobby agreed to pay to Geraldine the sum of $1,000.00 to apply to any attorney's fees incurred by her, and he also agreed to

pay all court costs of the divorce proceedings. Custody and child support were not addressed in the agreement, since both children of the parties were emancipated at the time of the judgment of divorce.

Bobby Robinson remarried subsequent to the divorce, but problems between Bobby and Geraldine continued. On September 13, 1995, the trial court held Bobby in civil contempt for failure to make alimony payments and awarded Geraldine a judgment against him for the sum of $3,450.00, plus legal interest and litigation expenses in the sum of $630.00. Furthermore, the court denied Bobby's request that the court modify the alimony requirements imposed upon him in the original judgment of divorce.

On November 6, 1995, Bobby filed another motion to modify the original judgment of divorce in which he requested the trial court to (1) terminate the alimony and insurance requirements imposed on him, and (2) require Geraldine to pay his attorney's fees in the proceeding. In his motion, Bobby alleged that, through no fault of his own, his income had decreased, and that he was now unable to pay the insurance premiums or his monthly alimony payments. Geraldine responded by denying the allegations in Bobby's motion and by filing a motion of her own asserting that Bobby was still $300.00 in arrears in his alimony payments and $500.00 in arrears in the payment of litigation expenses, violating the trial court's contempt judgment dated September 13, 1995. On January 22, 1996, this matter ultimately went to trial on Bobby's motion to modify. Prior to that time, Bobby paid the $800.00 arrearage complained of by Geraldine.

During the course of the trial of this action on its merits, both Bobby and Geraldine testified and presented financial statements. By this time, Bobby had paid the $6,982.83 indebtedness and the $3,000.00 loan as required by the September 1993 judgment. At the close of the hearing, the trial court announced its decision through a bench opinion and stated the following:

The Court is further of the opinion that there is a substantial material change in circumstances and through no fault of Mr. Robinson, his income has decreased from to $5,000 down to about $1700, plus or minus; however, the Court is not of the opinion that 1700-dollar figure is as accurate as it ought to be. I think there is probably more or should be more than involved with that on account of his past record of performance, that he's capable of making more than $1700.

The alimony fee is reduced to $150.00 commencing February 1, 1996 and there are no other changes or awards in this matter.

The court's decision was later incorporated into a formal written judgment dated February 22, 1996, whereby Bobby's monthly periodic alimony payments were reduced from $300.00 to $150.00. As stated above, the trial court refused to modify any other aspect of its September 29, 1993, judgment of divorce.

ANALYSIS

I. DID THE CHANCERY COURT COMMIT REVERSIBLE ERROR BY REDUCING THE APPELLANT'S PERIODIC ALIMONY?

Geraldine Robinson contends that the trial court erred when it determined that there had been a material change of circumstances warranting a modification of the judgment of divorce. Bobby testified that at the time of the divorce he was employed as a salesman by Carquest in Montgomery, Alabama, and was earning a salary of approximately $3,500.00 per month with payment of certain benefits such as social security. In addition, he was earning commissions that averaged $1,500.00 to $2,000.00 per month. However, his base salary was reduced to $2,100.00 per month in the fall 1995, and he received very few commissions after Carquest decided to deal with many of his customers directly. Thus, through no fault of his own, Bobby's salary fell from $5,000.00 to $5,500.00 per month to $2,100.00. Under these circumstances, he decided to change employers.

On or about October 1, 1995, Bobby officially began working for Specialty Products of Prideville, Alabama, on a commission basis with no guaranteed salary and no payment of taxes or social security matching funds. His commissions were calculated at fifty percent (50%) of gross profit on the items sold by him. Based upon his undisputed statement of income for the ninety day period prior to the date of the trial, Bobby's average gross income at the time was approximately $1,700.00 per month and $1,225.33 per month after payment of self-employment taxes and payments required for social security. The evidence also showed that he owned an IRA account with the sum of $6,500.00 on deposit, and that his personal expenses, as well as the expenses he shared with his spouse, were $2,333.72.

In opposition to Bobby's motion to modify the judgment of divorce, Geraldine testified that she never remarried and has had to struggle to make ends meet. She testified that the 1974 mobile home, which was conveyed to her as a result of the divorce, was in need of significant repairs. Thus, much of the $9,000.00 which she had in a checking account at Deposit Guaranty National Bank would necessarily have to be used to make those repairs. The Appellant worked for Cataphote, Inc. in Flowood, Mississippi, and had worked for the same employer for fifteen years. At the time of the divorce, she was earning $2,018.00 per month prior to withholdings and was making $21,000.00 per year including alimony at the time of the trial. According to her financial statement, her monthly expenses were $1,876.08 per month. She owned a 401(k) retirement account by virtue of her employment in which she had the sum of $11,500.00 on deposit.

Geraldine essentially contends that she should not be penalized because Bobby voluntarily quit his job which was paying a guaranteed salary in order to take a position that paid only commissions based upon sales. She further takes the position that Bobby's decrease in income with Carquest and the necessity of changing jobs could have reasonably been anticipated at the time the judgment of divorce was entered. Thus, she asserts that no reduction in alimony should have been allowed.

Our supreme court has stated on a number of occasions that support agreements for divorces granted as a result of irreconcilable differences are subject to modification, provided that there has been a material change in circumstances arising subsequent to the original judgment which was not reasonably anticipated at the time of the agreement. *Varner v. Varner*, 666 So. 2d 493, 497 (Miss. 1995). In this case, the trial court reduced Bobby's monthly periodic alimony payments from $300.00 per month to $150.00 per month, and we will not disturb those findings unless we also conclude that such findings were manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. *Hockaday v. Hockaday,* 644 So. 2d 446, 448 (Miss. 1994). Additionally, "where the chancellor has failed to make his own findings of fact and conclusions of of law, this Court will 'review the record de

novo.'" *Holden v. Frasher-Holden*, 680 So. 2d 795, 798 (Miss. 1996) (quoting *Brooks v. Brooks*, 652 So. 2d 1113, 1118 (Miss. 1995)). Although the chancellor made very limited findings of fact in the record, we are satisfied that he considered the position of the parties at the time of the judgment of divorce in relation to their positions at the time of trial for modification. Thus, all reasonable inferences which favor the trial court's decision must be accepted. *Anderson v. Anderson*, 692 So. 2d 65, 72 (Miss. 1997). However, we have also conducted a de novo review of the record on appeal.

In the case, *sub judice*, we are presented with a situation where the former husband voluntarily changed jobs and was making substantially less money after his salary in his former job had been reduced, and his chance to make extra money through commissions had been virtually eliminated. On the other hand, the former wife's income had increased slightly and a number of old marital debts had been paid off, including the debt on her home.

It is well settled that "if an obligor, acting in bad faith, voluntarily worsens his financial condition so that he cannot meet his financial obligations, he cannot obtain a modification of support." *Parker v. Parker*, 645 So. 2d 1327, 1331 (Miss. 1994) (citations omitted). "Bad faith" has generally been defined as some action by the obligor to reduce his income which was intended to jeopardize the interests of the payee. *Parker,* 645 So. 2d at 1331. Looking at the record as a whole, we find no proof that Bobby was guilty of bad faith when he changed jobs, nor do we find that the change of circumstances could have been reasonably anticipated. *Tingle v. Tingle,* 573 So. 2d 1389, 1392 (Miss. 1990) and *Morris v. Morris*, 541 So. 2d 1040, 1043 (Miss. 1989) are cases relied upon by the Appellant as examples of circumstances where the Mississippi Supreme Court denied modification of support because the change of circumstances and the obligor's reduced income should have reasonably been anticipated by the obligor. However, in both of those cases, the court noted that the time which elapsed between the date of the award to the payee and the date of the filing of the action to modify that award was only six months or less. In the case *sub judice,* Bobby did not change jobs until two years after the judgment of divorce under the facts of this case. It would be unreasonable to require either party to look that far in advance in regard to future employment when attempting to reach a property settlement. Thus, we conclude that the chancellor was not manifestly in error in concluding that Bobby's adverse change of circumstances could not reasonably have been anticipated. We, therefore, affirm the ruling the trial court on this issue.

## II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT DENIED THE APPELLANT HER LITIGATION EXPENSES?

In this case, the trial court denied Geraldine's request for attorney's fees despite the fact that Bobby was delinquent in alimony payments and in payment of Geraldine's past litigation expenses at the time he filed the present action to reduce his alimony payments. The determination of attorney's fees in cases of this type is "largely in the discretion of the chancellor." *Anderson v. Anderson*, 692 So. 2d 65, 74 (Miss. 1997). Moreover, where a party is financially able to pay her own attorney's fees, the general rule is that such an award is not appropriate. However, the chancellor has a right to make an exception to this rule in his sound discretion. *Anderson*, 692 So. 2d at 74. In the case *sub judice*, Geraldine sought litigation expenses in the sum of $394.75, plus additional attorney's fees for participation by her attorney in the hearing in this action at the rate of $90.00 per hour. The hearing lasted approximately three and one-half hours. According to the testimony, Geraldine had $9,000.00 in

a bank account at the time of the trial, and her salary with Cataphote, Inc. was $21,000.00 per year. Thus, we cannot say that she was unable to pay her attorney for his services or that the trial court abused its discretion in refusing to require the Appellee to pay her attorney's fees in this action. This assignment of error is without merit.

**THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR. BRIDGES, C.J., NOT PARTICIPATING.**