MYERS, J.,
for the Court.
STATEMENT OF FACTS
¶ 1. This case arises out of a dispute over the amount of child support the appellant, Luther Hackman, is required to pay the child’s mother, Lucinda Burkes. On May 7, 1993, the parties’s child, Alexis Shenille Hackman, was born and Hackman acknowledged the child as his own. On November 18, 1994, Hackman filed a petition in the Chancery Court of Lowndes County, Mississippi, seeking custody or, alternatively, visitation with his daughter. The court awarded Hackman visitation rights and also ordered him to pay an amount of monthly child support payments. The amount of child support to be paid was calculated based upon his income as a minor league baseball player.
¶ 2. Eventually, Hackman signed a contract to play baseball in the major leagues, playing for teams such as the Arizona Diamondbacks, the St. Louis Cardinals, and the San Diego Padres. After Hackman had played in the major leagues for a few years, Burkes applied to the court for a modification of the amount of child support, as Hackman’s income had increased greatly.
¶ 3. At the time of the hearing, Hackman had fulfilled all of his contractual time to the teams in the major league, and had attained free agent status, which based upon past performance, can yield much higher income. Hackman had yet to sign a new employment contract at the time of the modification hearing, but felt that he would soon attain a contract with a major league club. Anticipating Hackman’s future employment with a major league club, the chancellor figured the future amount of child support payments, based upon the league minimum contracts of $300,000. Unfortunately, Hackman did not obtain a major league contract as anticipated. Aggrieved by the chancellor’s ruling, Hack-man appeals raising the following issue:
I. WHETHER THE CHANCELLOR ERRED IN THE AMOUNT OF CHILD SUPPORT AWARDED BURKES.
¶ 4. Finding no error, we affirm.
LEGAL ANALYSIS
I. WHETHER THE CHANCELLOR ERRED IN THE AMOUNT OF CHILD SUPPORT AWARDED BURKES.
STANDARD OF REVIEW
¶ 5. Domestic relations matters are reviewed by the substantial/manifest error standard. Stevison v. Woods, 560 So.2d 176, 180 (Miss.1990). “This Court *1214 will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.” Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990).
DISCUSSION
¶ 6. Hackman argues that the chancellor erred in awarding child support based upon income in the amount of the league minimum of $300,000, as such a determination was speculative in nature. The record indicates that all parties at the time of the hearing believed that Hackman would soon enter a contract with a professional baseball organization and would, therefore, be paid at least $300,000 annually. Since this was agreed, it cannot be stated that the chancellor’s determination was manifestly wrong, clearly erroneous, or that an erroneous legal standard was applied, as is required for reversal under the applicable standard of review. Additionally, the authority cited by Hackman pertains to the factors a chancellor must consider in making a determination during a modification hearing, which is inapplicable to the issue presently before this Court.
¶ 7. It should be noted that when the circumstances of the parties have materially changed, the award of child support may be altered if such a change can be shown. Such an alteration is properly conducted by a motion for modification in the applicable court. Tingle v. Tingle, 573 So.2d 1389, 1391 (Miss.1990). Though the award in the case sub judice may potentially be subject to modification through such a proceeding, this is not the issue presently before this Court; therefore, we find Hackman’s contentions to be without merit.
¶ 8. THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. IRVING, J., NOT PARTICIPATING.