744 So.2d 332 (1999)
Richard Edward TURNER, Appellant,
v.
Bonnie Hawkins TURNER, Appellee.
No. 97-CA-01556-COA.
Court of Appeals of Mississippi.
June 8, 1999.
*334 Harlon H. Varnado, Attorney for Appellant.
Philip Mansour Jr., Greenville, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND LEE, JJ.
KING, P.J., for the Court:
¶ 1. Richard Edward Turner has appealed from the judgment of the Chancery Court of Humphreys County which ordered him to pay an additional $150 in monthly child support and $1,500 in attorney fees to Bonnie Hawkins Turner. Aggrieved by this judgment, Richard Turner has appealed and raised the following issues, as taken verbatim from his brief:
1. A material change in circumstances has occurred to warrant a reduction in child support and not an increase in child support.
2. Richard should have been given credit for support of his two younger children living in his home.
3. The lower court failed to make findings of fact and conclusions of law, and, further, failed to make a written finding or specific finding on the record that the application of the chid support guidelines would be unjust or inappropriate in Richard's case.
4. Bonnie's evidence did not substantiate award of her attorney's fees and Bonnie has an estate of her own and is capable of paying her own attorney's fees.

Facts
¶ 2. On September 11, 1992, Richard Turner and Bonnie Turner were granted a divorce on the grounds of irreconcilable differences in the Humphreys County Chancery Court. There was one child born of that union, Richard Edward Turner, II. The parties entered into a "Separation, Child Custody, Support and Property Settlement Agreement", which was approved by the chancellor.
¶ 3. The agreement provided, inter alia, that Richard would (1) pay $500 per month in child support; (2) maintain medical insurance for the benefit of the minor child and pay all reasonable medical expenses not covered by insurance; (3) insure his life in an amount not less than $500,000 with the minor child named as beneficiary under said policy; and (4) pay all tuition and tuition-related expenses of the minor child in attending day care, kindergarten, and private schools.
¶ 4. On March 19, 1997, Richard Turner petitioned the Humphreys County Chancery Court to modify the final divorce decree. In his petition, Richard requested the chancery court to, inter alia, (1) reduce his monthly child support obligation in accordance with the child support guidelines; (2) order all reasonable medical, dental, visual, and prescription drug expenses incurred on behalf of the minor child not covered by insurance to be equally divided between the parties; (3) relieve him from paying all tuition and tuition-related expenses of the minor child to attend private school; (4) relieve him of the obligation of carrying life insurance with the minor child as beneficiary and, instead, allow him to establish a trust fund with his three children as equal beneficiaries.
¶ 5. On June 9, 1997, Bonnie Turner answered Richard Turner's motion for modification and filed a cross-complaint for *335 contempt and modification. In her cross-complaint for modification of the final divorce decree, Bonnie requested the chancellor to increase the child support award, citing "certain material changes ... in the circumstances of the parties" to support such a modification.
¶ 6. On September 25, 1997, the chancellor denied Richard Turner's motion for modification on the ground that he failed to demonstrate a material change in circumstances.
¶ 7. The chancellor granted Bonnie Turner's cross-complaint for modification and increased Richard Turner's child support obligation from $500 to $650. The chancellor found a material change in circumstances with respect to Richard Turner's improved financial condition. Further, the chancellor found that "the needs of the minor child ... have increased and that expenses associated with the care and maintenance of said child have also increased." Bonnie Turner was also awarded attorney fees in the amount of $1500.

Discussion

I. A MATERIAL CHANGE IN CIRCUMSTANCES HAS OCCURRED TO WARRANT A REDUCTION IN CHILD SUPPORT AND NOT AN INCREASE IN CHILD SUPPORT.
¶ 8. Richard Turner complains that because his financial earnings and assets have decreased since the rendering of the divorce decree in 1992, the chancellor erred in not reducing his child support obligation. Richard Turner alleges a reduction in monthly income from $2,575 to $2,000 since 1992. The chancellor found that Richard Turner failed to demonstrate "a material change in circumstances that would warrant a modification of the Final Decree of divorce." However, the chancellor granted Bonnie Turner's request for an increase in child support.
¶ 9. Although we agree that the chancellor was correct in denying Richard Turner's request for reduction of child support, we find that the chancellor's grant of an increase in child support does not enjoy support in the record. Therefore, we reverse and remand.
¶ 10. The determination of child support is within the sound discretion of the chancellor. This Court will not disturb a chancellor's determination of child support in the absence of manifest error or an abuse of that discretion. McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994); Smith v. Smith, 585 So.2d 750, 753 (Miss. 1991).
¶ 11. Support agreements for divorces granted on the ground of irreconcilable differences are subject to modification. Thurman v. Thurman, 559 So.2d 1014, 1017 (Miss.1990). Consequently, as equity demands, the child support provisions agreed to by the parties, are, therefore, subject to modification upon a showing of a material change in circumstances not contemplated at the time of the divorce decree. Lahmann v. Hallmon, 722 So.2d 614, 622 (Miss.1998).
¶ 12. In McEachern v. McEachern, 605 So.2d 809, 813 (Miss.1992), the Mississippi Supreme Court held that the proponent of modification of a financial obligation must establish a material change in circumstances of one or more of the interested parties, either the father, mother, or children, arising subsequently to the rendering of the original decree.
¶ 13. The record reveals the presentation of evidence that Richard Turner voluntarily transferred assets to his new wife. Richard Turner showed no monetary consideration or other basis for this voluntary transfer. While this transfer has decreased his equity or his ownership percentage, Richard Turner apparently receives the benefit of both his share and his wife's share of the partnership draw. The record reflects that Richard Turner and his new wife each draw at least $2,000 per month from the partnership account. This combined partnership draw of $4,000 per *336 month is collectively utilized for the needs of the Turner family.
¶ 14. Under these circumstances, this Court does not believe a voluntary transfer of assets would be an appropriate basis for the modification of Richard Turner's child support obligation. Indeed, the voluntary transfer, without known monetary consideration, may well raise an inference of bad faith. "`The law is well-settled that, if an obligor, acting in bad faith, voluntarily worsens his financial position so that he cannot meet his obligations, he cannot obtain a modification of support.'" Parker v. Parker, 645 So.2d 1327, 1331 (Miss.1994) (quoting Willis v. Willis, 109 Or.App. 584, 820 P.2d 858 (1991)). "`Bad faith' has generally been defined as an obligor's action to reduce income or assets for the purpose of `jeopardizing the interests of his children.'" Parker, 645 So.2d at 1331 (quoting Nelson v. Nelson, 225 Or. 257, 357 P.2d 536 (1960)).
¶ 15. We, therefore, find that the chancellor did not commit manifest error or abuse her discretion in denying Richard Turner's request for a reduction in child support.
¶ 16. We now turn to Bonnie Turner's request for an increase in child support. On direct examination of Bonnie Turner the following colloquy ensued:
Q. Would you say [your son's] monthly expenses are [sic] expenses associated with him have increased or decreased since 1992?
A. They have increased.
Q. All right. How for instance? What things now costthings naturally costs [sic] more than they did before. What other expenses does he have that he didn't have in 1992?
A. Like food, clothingthings like this [sic]. I pay extra at school. Bicycles.
Q. Activities?
A. Right.
Q. More expensive?
A. Uh-huh.
¶ 17. Aside from the above colloquy, Bonnie Turner offered no evidence in support of her request for increased child support. In order to demonstrate a material change in circumstances warranting modification of child support, the movant must show that increased financial obligations have eaten away so significantly at the purchase power of the existing child support award that it no longer meets the needs of the child. This may be done by showing a significant increase in the cost of goods or services or by a specific showing of needs not previously existing.
¶ 18. In this case, Bonnie Turner simply stated that the costs associated with her son have increased. This general pronouncement, unsubstantiated by specific proof, does not rise to the level of a material change in circumstances warranting modification of child support. Therefore, we reverse the chancellor's order increasing the child support award from $500 to $650 and remand this case for further proceedings on the increase in child support.

II. RICHARD SHOULD HAVE BEEN GIVEN CREDIT FOR SUPPORT OF HIS TWO YOUNGER CHILDREN LIVING IN HIS HOME.
¶ 19. Next, Richard Turner argues that the chancellor erred in "failing to give credit to Richard for his two (2) children living in his home by decreasing the amount of child support Richard should pay to Bonnie." In support of this argument, Richard Turner cites Grace v. Department of Human Services, 687 So.2d 1232 (Miss.1997).
¶ 20. In Grace, the supreme court held that under the statute the chancellor should consider "children born after the children before the court but residing with the parent" for purposes of calculating total deductions. Grace, 687 So.2d at 1235. The ruling in this case was explicitly overruled in Bailey v. Bailey, 724 So.2d 335, 339 (Miss.1998), which reads in pertinent part as follows:

*337 The problem with this line of reasoning is that it quite literally allows the non-custodial parent to sire himself out of his child support obligation. Under the rationale in Grace, a non-custodial parent may continue to conceive additional children to the detriment of his already existent children. We do not believe that the Mississippi Legislature intended such a result. To the extent that it holds otherwise, we overrule our prior decision in Grace. Where, as here, the non-custodial parent decides to have additional children, she should not be relieved of her prior obligation to the children from her previous marriage.
¶ 21. The addition to Richard Turner's family does not warrant a modification of child support. The addition to a non-custodial parent's family cannot be said to reasonably affect the ability of the parties to abide by the terms of the original divorce decree. Poole v. Poole, 701 So.2d 813, 818 (Miss.1997).

III. THE LOWER COURT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND, FURTHER, FAILED TO MAKE A WRITTEN FINDING OR SPECIFIC FINDING ON THE RECORD THAT THE APPLICATION OF THE CHID SUPPORT GUIDELINES WOULD BE UNJUST OR INAPPROPRIATE IN RICHARD'S CASE.
¶ 22. Richard Turner contends that the chancellor erred in failing to make separate findings of fact or conclusions of law in this case. Additionally, Richard Turner argues that the chancellor erred in failing to make an on the record finding that the child support guidelines were unjust or inappropriate.
¶ 23. Rule 52(a) of the Mississippi Rules of Civil Procedure provides as follows:
In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.
¶ 24. Similarly, Rule 4.01 of the Uniform Chancery Court Rules provides the following:
In all actions where it is required or requested, pursuant to M.R.C.P. 52, the Chancellor shall find the facts specially and state separately his conclusions of law thereon. The request must be made either in writing, filed among the papers in the action, or dictated to the Court Reporter for record and called to the attention of the Chancellor.
¶ 25. In the case at bar, the chancellor reserved the right to make separate findings of fact and conclusions of law upon written request by either party. Her on-the-record comments read as follows:
The Court has listened carefully to the testimony and the evidence presented here today. What I will do is I'll do a bench ruling today and in the event that either one of you should want to appeal, I am going to reserve the right to make a[sic] findings of fact and conclusions of law based upon the proposition that y'all will submit proposed findings of fact and conclusions of law. What we will need to do is just work out a time frame. If you will just contact my office in about a week if either one of you want [sic] to appeal, we will work out a time frame for that.
¶ 26. Our review of the record shows that neither party requested in writing, or in any other acceptable manner, that the chancellor issue separate findings of fact or conclusions of law. "It is well-settled in this state that an appellate court will not find a trial judge in error on a matter not presented to him for decision." Jones v. State, 606 So.2d 1051, 1058 (Miss. 1992). Because Richard Turner did not make a proper request for separate findings of fact and conclusions of law, this Court will not find the chancellor in error.
*338 ¶ 27. Child support awards which follow Mississippi child support guidelines are entitled to a rebuttable presumption of correctness. Miss.Code Ann. § 43-19-101(1) (Rev.1993). In the event that the chancellor finds that application of the guidelines would be unjust or inappropriate, a deviation is permitted if it is accompanied by a "written finding or specific finding on the record" detailing the reasons for said deviation. Id.
¶ 28. Because we are reversing this matter for further consideration of the issue of child support, it is not necessary to dwell at length on the other portion of this alleged error. However, we note that, under Miss.Code Ann. 43-19-101(2) (Rev. 1993), an on-the-record finding as to the applicability of the child support guidelines is required on both the initial award of child support and any subsequent modification of child support.

IV. BONNIE'S EVIDENCE DID NOT SUBSTANTIATE AWARD OF HER ATTORNEY'S FEES AND BONNIE HAS AN ESTATE OF HER OWN AND IS CAPABLE OF PAYING HER OWN ATTORNEY'S FEES.
¶ 29. Finally, Richard Turner argues that the chancellor erred in granting Bonnie Turner an attorney fee award. Richard Turner alleges that insufficient evidence was presented to support an award of attorney fees. We agree.
¶ 30. The record on establishing the attorney fees award reads as follows:
Q. Okay. As a result of the petition filed by Mr. Turner for modification and of course our petition for an increase in support and contempt, did you employ me to represent you?
A. Yes, Sir.
Q. Did I quote you a fee for that representation?
A. Yes, Sir.
Q. How much was that?
A. It was 15.
Q. 1,500?
A. Yes, Sir.
Q. Can you afford to pay that?
A. No, Sir.
Q. Are you asking the Court to award you attorney fees?
A. Yes, Sir.
Q. Did that include my appearance here today in Court and the trial?
A. Yes, Sir.
¶ 31. "The award of attorney's fees in a divorce case is generally left to the discretion of the chancellor." Brooks v. Brooks, 652 So.2d at 1120 (citation omitted). The Mississippi Supreme Court has held:
[W]hen a party is able to pay attorney's fees, award of attorney's fees is not appropriate. Martin v. Martin, 566 So.2d 704, 707 (Miss.1990). However, where the record shows an inability to pay and a disparity in the relative financial positions of the parties, we find no error. Powers v. Powers, 568 So.2d 255 (Miss. 1990).
Brooks, 652 So.2d at 1120 (citing Hammett v. Woods, 602 So.2d 825, 830 (Miss.1992)).
¶ 32. When considering an award of attorney fees, the lower court must take into account a sum sufficient to secure a competent attorney, the relative ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, the degree of responsibility involved in the management of the case; the time and labor required, the usual and customary charge in the community, and preclusion of other employment by the attorney due to the acceptance of the case. McKee v. McKee, 418 So.2d 764, 767 (Miss. 1982).
¶ 33. In this case, no itemized account of Bonnie Turner's attorney fees was introduced into evidence. Therefore, it was impossible for the chancellor to make an informed application of the McKee factors to the attorney fees charged in this case. Upon remand, the chancellor is directed to *339 make an on the record finding regarding the reasonableness of the attorney fee award by application of the McKee factors.

Conclusion
¶ 34. The chancellor is to conduct proceedings to determine the appropriate child support award. In the event that the chancellor finds that application of the guidelines would be unjust or inappropriate and a deviation is necessary, the deviation must be supported by a written or on-the-record finding on the record. Furthermore, the chancellor is directed to make written or on-the-record findings that the attorney fee award is reasonable.
¶ 35. THE JUDGMENT OF THE HUMPHREYS COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE PARTIES.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.