841 So.2d 1175 (2003)
Sondra Robin Howell BRAWDY, Appellant
v.
Brett Alan HOWELL, Appellee.
No. 2002-CA-00501-COA.
Court of Appeals of Mississippi.
April 1, 2003.
*1177 William W. Dreher, Jr., Gulfport, for appellant.
Deborah Kay Hester, for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., FOR THE COURT:
¶ 1. In 1999, Sondra Robin Howell Brawdy ("Brawdy") and Brett Alan Howell ("Howell") obtained an irreconcilable differences divorce. After several modification orders were entered, Howell filed a petition for modification and Brawdy filed a counterclaim. After a hearing, the Harrison County Chancery Court found Howell in contempt for unpaid child support and ordered Brawdy to pay monthly child support. Brawdy appeals the chancellor's ruling and alleges that the chancellor erred by ordering her to pay child support, by assessing interest at a rate of three percent (3%) per annum for child support payments in arrears, and in failing to deny Howell's petition for modification based on the clean hands doctrine. Finding that the chancellor abused his discretion in the award of child support, we reverse and render in part, and in finding no error in the other presented issues, we affirm in part.

FACTS AND PROCEDURAL HISTORY
¶ 2. On January 15, 1999, Howell and Brawdy were divorced. The chancellor accepted and entered the parties' agreed judgment, which incorporated a property settlement and child support agreement. According to the judgment, they were to share joint legal custody of their two minor children with Brawdy having paramount physical custody. Howell was ordered to pay Brawdy monthly child support of $270 per child.
¶ 3. In August 1999, the parties returned to court and filed a joint petition seeking modification of the original judgment. On August 24, 1999, the chancellor entered an agreed order that granted Howell custody of their oldest child and reduced his child support obligation by one-half. At this time, Brawdy had remarried and moved to Utah.
¶ 4. On March 30, 2001, the chancellor entered a second agreed order of modification that awarded Howell paramount physical custody of the younger child and terminated his remaining child support obligation to Brawdy. This order, prepared and submitted to the chancellor by Howell's attorney, did not require Brawdy to pay Howell child support.
¶ 5. Approximately five and a half months later, on September 12, 2001, Howell filed a motion for modification that asked the chancellor to order Brawdy to pay child support, provide major medical insurance coverage for the children, provide automobile insurance, provide a life insurance policy naming the children as irrevocable beneficiaries, and allow Howell the right to claim the children for tax purposes.
*1178 ¶ 6. Brawdy counterclaimed and asserted that Howell was in contempt because he owed back child support and, therefore, lacked the "clean hands" required to obtain equitable relief. Brawdy alleged that (1) Howell was in arrears for child support that was due prior to the March 30, 2001 agreed order; (2) the older son was emancipated and, therefore, no child support should be paid for his benefit; (3) she was financially unable to provide support for the younger son; and (4) for the return of custody due to Howell's lack of supervision.
¶ 7. After a hearing, on March 8, 2002, the chancellor[1] ordered Brawdy to pay Howell child support in the amount of $275 per month for the younger son, granted Howell the right to claim Jeremy as a tax exemption for the year 2001 and each year thereafter, found Howell to be in contempt of court and granted judgment in the amount of $3,967.68 plus interest at the prevailing rate of three percent (3%), and allowed Brawdy to offset her child support obligation against Howell's arrearage until it is eliminated. The chancellor further held that Brawdy did not have to maintain health, life or automobile insurance and that the older son was emancipated.

STANDARD OF REVIEW
¶ 8. This Court's scope of review in domestic relations is strictly limited. We will not disturb the findings of a chancellor unless we find an abuse of discretion, an erroneous application of the law or a manifest error. Andrews v. Williams, 723 So.2d 1175(¶ 7) (Miss.Ct.App.1998). If we find substantial evidence in the record to support the chancellor's findings, we will not reverse. Wilbourne v. Wilbourne, 748 So.2d 184(¶ 3) (Miss.Ct.App.1999).

ANALYSIS
I. WHETHER THE COURT COMMITTED MANIFEST ERROR AND ABUSED ITS DISCRETION IN ALLOWING HOWELL TO MODIFY THE JUDGMENT OF DIVORCE WITHOUT SHOWING A MATERIAL AND SUBSTANTIAL CHANGE IN CIRCUMSTANCES.
¶ 9. Decisions regarding modification of child support are normally within the discretion of the chancellor. Reversal is permitted only if there is manifest error in findings of fact or an abuse of discretion. Powell v. Powell, 644 So.2d 269, 279 (Miss.1994). "The process of weighing evidence and arriving at an award of child support is essentially an exercise in fact-finding, which customarily significantly restrains this Court's review." Clausel v. Clausel, 714 So.2d 265, 266-67 (¶ 6) (Miss. 1998). Using these standards, we review the chancellor's decision.
¶ 10. In modifying the previous agreement and awarding child support, the chancellor found that "there has been an increase in expenses for Jeremy due to his advanced age" and that "Brawdy still has a duty to support her child." The chancellor ordered Brawdy to pay child support for Jeremy at the rate of fourteen percent (14%) of her adjusted gross income, $275 per month, and to be equally responsible for all deductibles and out-of-pocket medical expenses for the younger child.
¶ 11. Mississippi law on modification of divorce decrees is well settled. "A child support award can be altered if it can be shown that there has been a substantial or material change in the circumstance of one or more of the interested parties: the father, the mother, and the child or children, arising subsequent to the entry of the decree to be modified." Overstreet *1179 v. Overstreet, 692 So.2d 88, 92 (Miss. 1997). The substantial or material change must occur as a result of after-arising circumstances of the parties not reasonably anticipated at the time of the previous agreement. Tingle v. Tingle, 573 So.2d 1389, 1391 (Miss.1990); see Meeks v. Meeks, 757 So.2d 364, 367 (¶ 9) (Miss.Ct. App.2000) (This Court has held that justification for the change must "be events for which allowance could not reasonably have been made at the time of the previous ruling.").
¶ 12. Furthermore, the party seeking modification must present "proof on the issue of the unexpected nature to the changes in circumstances." Id. at 367 (¶ 11). Such burden may be met by "showing a significant increase in the cost of goods or services or by a specific showing of needs not previously existing." Turner v. Turner, 744 So.2d 332, 336 (¶ 17) (Miss.Ct.App.1999).
¶ 13. In the present case, Howell sought to modify the March 30, 2001 agreed order by requesting child support due to an alleged material change in circumstances. To support his claim, Howell testified that "the boys have gotten older and more expensive." Howell offered no other evidence to support this allegation.
¶ 14. We recognize that increased age and proven expenses may be considered a material change in circumstances. Kilgore v. Fuller, 741 So.2d 351, 353 (¶ 7) (Miss.Ct. App.1999). In this case, however, there was no evidence offered to prove what expenses had increased in the five months (or one year) since the previous order. Howell simply made a general characterization that the costs associated with his sons have increased. "This general pronouncement, unsubstantiated by specific proof, does not rise to the level of a material change in circumstances warranting modification of child support." Turner, 744 So.2d at 336 (¶ 18).
¶ 15. As stated above, to allow a modification, the material change in circumstances must not have been anticipated at the time of the prior ruling. Tingle, 573 So.2d at 1391. Here, the prior ruling was entered on March 30, 2001, approximately five months before the motion for modification was filed and less than a year before the hearing. Yet, there was no evidence to suggest that the alleged material change of circumstances, i.e. the boys are of greater age and more expensive, was not anticipated or foreseeable at the time of the earlier order. Accordingly, we find that the chancellor abused his discretion in finding that there was a material or substantial change in circumstances to justify an increase in the child support obligation.
¶ 16. In all child custody and child support matters, the best interest of the child or children is paramount. The present case presents this Court with a very difficult and perplexing issue. Frankly, we are disturbed by the fact that the chancellor, in the March 30, 2001 order, changed custody but did not likewise impose a child support obligation on Brawdy as the non-custodial parent. Chancellors should be reluctant to enter orders that do not require a non-custodial parent to pay an appropriate amount of child support. However, we are mindful that Miss. Code Ann. § 93-11-65(2) (Supp.2002) grants the chancellor the authority and discretion to order each parent to contribute to the support and maintenance of the children. Nevertheless, an order that does not require a non-custodial parent to pay child support should be entered only in rare circumstances. The chancellor should also include detailed findings in the order to support the decision to relieve a non-custodial parent from their financial obligation to support their children. Knutson v. Knutson, 704 So.2d 1331, 1334 (Miss.1997).
*1180 ¶ 17. We are persuaded in this case by the fact that the March 30, 2001 order was prepared and presented to the court by Howell and his attorney. It is evident that Howell and his attorney asked Brawdy to agree to the change in custody, asked her to sign the agreed judgment which she did, and failed to include any provision for child support in the agreed judgment. Thus, by presenting the agreed judgment, Howell and his attorney represented to the chancellor that the provisions of the March 30, 2001 order were adequate and sufficient to provide for the custody and maintenance of the children of the marriage. See Miss. Code Ann. § 93-5-2 (Rev.1994). Accordingly, Howell represented that he was in a position to undertake the full financial obligation to support his children.
¶ 18. Indeed, we refuse to sanction the conduct of Howell. By filing the petition for modification less than six months after the entry of the March 30, 2001 order, Howell directly attacked the judgment he procured and asked the chancellor to enter. His conduct is more closely related to relief under M.R.C.P. 60, which would not be allowed.
¶ 19. We find that the chancellor abused his discretion and erred as a matter of law in granting Howell's request for modification of child support. Therefore, finding the chancellor in error, we reverse and render a judgment denying the petition for modification as to the amount of Brawdy's child support obligation. The March 30, 2001 order is reinstated as to the amount of child support owed by Brawdy.
II. WHETHER THE COURT ABUSED ITS DISCRETION AND WAS MANIFESTLY IN ERROR IN ASSESSING INTEREST ON THE JUDGMENT ENTERED AGAINST HOWELL AT THE RATE OF 3% PER ANNUM.
¶ 20. Brawdy asserts that the chancellor abused his discretion and was manifestly wrong in the judgment entered against Howell awarding interest at the rate of three percent (3%) on the child support arrearage. The chancellor had the discretion to set the rate of interest. Miss.Code Ann. § 75-17-7 (Supp.2000). Specifically, Section 75-17-7 provides that:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.
(emphasis added).
¶ 21. In Adams v. Adams, 591 So.2d 431, 436 (Miss.1991), the Mississippi Supreme Court awarded an eight percent (8%) per annum rate of interest as past due child support payments. However, we find no authority holding it an abuse of discretion or manifest error for the chancellor to set interest at a rate of three percent (3%) per annum. Therefore, we find that the chancellor did not abuse his discretion as to this issue and this assignment of error is without merit. Therefore, we affirm the chancellor on this assignment of error.
III. WHETHER THE COURT WAS MANIFESTLY WRONG IN IGNORING THE CLEAN HANDS DOCTRINE IN GRANTING RELIEF UNTO HOWELL.
¶ 22. Brawdy also asserts that since Howell was in arrears of his child support payments, the "clean hands" doctrine prevented him from obtaining a modification. "The clean hands doctrine prevents a complaining party from obtaining *1181 equitable relief in court when he is guilty of willful misconduct in the transaction at issue." Bailey v. Bailey, 724 So.2d 335, 337 (¶ 2) (Miss.1998). At the hearing, Brawdy testified that Howell was in arrears of his child support payments in the sum of $3,967.68. Howell conceded the arrearage, but expressed that he had a misunderstanding as to some of the payments. In finding that the clean hands doctrine did not apply, the chancellor reasoned that:
while [Howell] is technically in contempt for his failure to make child support payments up through the [o]rder of March 30, 2001, the [c]ourt finds that he is not in willful and contumacious contempt. If anything, there appears to have been a misunderstanding regarding the effect of the sometimes conflicting and sometimes silent provisions of the previous orders. Although the court declines to issue a finding of willful contempt, [Howell] is obligated to bring the amount of his arrearage current.
¶ 23. Upon review of the record, we find that the chancellor's finding is supported by the testimony. "Contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstance and both tempered and visual proximity, is infinitely more competent to decide this matter than we are." Morreale v. Morreale, 646 So.2d 1264, 1267 (Miss.1994). Therefore, we hold that the chancellor's finding that Howell was in contempt, but not willful contempt, was within his discretion. We further find that because Howell was not found to be in wilful contempt, the clean hands doctrine did not apply in this particular case. Thus, finding no error, we affirm the chancellor on this assignment of error.
¶ 24. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED ON ALL ISSUES EXCEPT AS TO CHILD SUPPORT PAYMENTS; ONLY AS TO THAT ISSUE IS THE JUDGMENT REVERSED AND THE CAUSE RENDERED CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] The chancellor that entered the March 30, 2001 agreed judgment was different from the chancellor who heard the motion for modification and entered the March 8, 2002 order.