880 So.2d 382 (2004)
Monica R. (Jones) HENLEY, Appellant
v.
Brian Kendall JONES, Appellee.
No. 2002-CA-01859-COA.
Court of Appeals of Mississippi.
August 17, 2004.
*383 J. Tyson Graham, Columbus, attorney for appellant.
C. Michael Malski, attorney for appellee.
EN BANC.
MYERS, J., for the Court.
¶ 1. Monica R. (Jones) Henley appeals from the decision of the Chancery Court of Monroe County, Mississippi. The sole issue on appeal is the amount of child support to be paid by Monica to Brian Kendall Jones, her ex-husband.
¶ 2. When the parties divorced in 2000, they entered into a consent decree which provided that they would share actual joint physical custody of their two children, with the children living with one parent for seven days and the other for seven days. This arrangement lasted until Monica remarried and moved to Alabama, some two to two and a half hours away. Monica filed for a modification of custody. The court found, using Albright v. Albright, 437 So.2d 1003 (Miss.1983), that both parents were loving, excellent care givers, but that, with all other factors being equal, that Brian should have custody based on the home, school and community record of the children. Monica was granted extensive visitation. Monica will have the children 152 days of the 365 days of the year or approximately 42% of the time.
¶ 3. Monica was also ordered to pay child support of 20% of her adjusted gross income each month, amounting to $650 per month. Monica contends that the lower court erred in requiring her to pay continuous child support of 20% of her income when she will have the children 42% of the year. She argues that the court should have either reduced child support or eliminate it during the time she has the children for extended periods of time.
¶ 4. In support of her argument, Monica cites Sumrall v. Munguia, 757 So.2d 279 (Miss.2000). In that case, the Mississippi Supreme Court held that the non-custodial parent could be relieved of paying his monthly child support payments of $1,200 for his two college-age children for six months of the year while they were in school. In addition to the child support, the non-custodial parent was also paying college tuition and the living expenses of his two children, amounting to approximately one-half of his adjusted gross income. The non-custodial parent also successfully argued that the original divorce decree provided for such a reduction in child support. We fail to see how this case provides any helpful comparison to the present case.
¶ 5. In Sumrall, we do find the following:
The standard of review in domestic relations cases is well-settled: Our scope of review in domestic relations matters is limited by our familiar substantial evidence/manifest error rule. Stevison v. Woods, 560 So.2d 176, 180 (Miss.1990). "This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). See also Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994); Faries v. Faries, 607 So.2d 1204, 1208 (Miss.1992). In other words, "[o]n appeal *384 [we are] required to respect the findings of fact made by a chancellor supported by credible evidence and not manifestly wrong." Newsom v. Newsom, 557 So.2d 511, 514 (Miss.1990). See also Dillon v. Dillon, 498 So.2d 328, 329 (Miss.1986). This is particularly true in the areas of divorce, alimony and child support. Tilley v. Tilley, 610 So.2d 348, 351 (Miss.1992); Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989). The word "manifest," as defined in this context, means "unmistakable, clear, plain, or indisputable." Black's Law Dictionary 963 (6th ed.1990). Turpin v. Turpin, 699 So.2d 560, 564 (Miss.1997) (quoting Magee v. Magee, 661 So.2d 1117, 1122 (Miss.1995)). Clark v. Clark, 754 So.2d 450 (Miss.1999).
Sumrall, 757 So.2d at 282 (¶ 12).
¶ 6. Applying the applicable standard of review, we do not find that the chancellor abused her discretion in the award of child support and affirm that decision.
¶ 7. THE JUDGMENT OF THE CHANCERY COURT OF MONROE COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.