924 So.2d 627 (2006)
Bethany J. BRYANT, Appellant
v.
Robert Lee BRYANT, Appellee.
No. 2004-CA-02068-COA.
Court of Appeals of Mississippi.
March 21, 2006.
*629 Paul E. Rogers, Jackson, attorney for appellant.
Debra Lynn Allen, Jackson, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. This case is on appeal from the Rankin County Chancery Court denying back child support, denying modification of child support and denial of motion for contempt. Feeling aggrieved, Beth timely filed this appeal raising several issues. We find no error in the judgment of the Rankin County Chancery Court.

FACTS
¶ 2. Robert Bryant (Bobby) and Bethany Bryant (Beth) were divorced by final judgement of divorce by the Rankin County Chancery Court on January 4, 1999. The parties were parents to two minor children, Chad and Claire, at the time of the divorce. Beth was awarded primary and physical custody, while Bobby was awarded reasonable visitation. Bobby was to pay Beth $600 per month in child support.
¶ 3. In the fall of 2000 Beth and Bobby orally agreed that Chad would live with Bobby and Claire would remain with Beth. This decision was based on Chad's inability to get along with Beth's husband and Beth's failure to be there for Chad. This agreement was never reduced to writing nor approved by the court. There was an attempt to reach an agreement as to terms of a modification, but none was ever reached. This oral agreement provided that Bobby would pay all of the expenses for Chad, while Beth would pay all of the expenses for Claire. This agreement also provided that no child support would be exchanged between the parties. Beth did, however, provide medical insurance coverage for Chad.
¶ 4. Chad continued to live with Bobby until his emancipation by marriage in May 2002. At no time during Chad's living with Bobby did Beth complain to the court about this living arrangement or Bobby's failure to pay child support. Upon Chad's emancipation, Beth filed a complaint for back child support and to hold Bobby in contempt. The chancery court ruled that to pay Beth for back child support and holding Bobby in contempt of the original order would provide Beth with a windfall profit from the oral agreement she made. The court did reinstate child support to Beth for Claire, but in the amount of $300 per month. From this judgment Beth appeals raising the following four issues:
I. THE TRIAL COURT ERRED IN NOT ORDERING ROBERT LEE BRYANT TO PAY CHILD SUPPORT ARREARAGE TO BETHANY J. BRYANT.
II. THE TRIAL COURT ERRED IN MODIFYING ROBERT LEE BRYANT'S CHILD SUPPORT OBLIGATION WHEN THERE WAS NO REQUEST TO MODIFY CHILD SUPPORT AND NO EVIDENCE AS TO HIS INCOME
III. THE TRIAL COURT ERRED IN FAILING TO HOLD ROBERT J. BRYANT IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE OBLIGATIONS IMPOSED UPON HIM BY THE FINAL JUDGMENT OF DIVORCE AND RELATED SETTLEMENT AGREEMENT.
IV. THE TRIAL COURT ERRED IN FAILING TO AWARD ATTORNEY'S FEES TO BETHANY J. BRYANT.

*630 STANDARD OF REVIEW
¶ 5. The scope of review in domestic relations matters is strictly limited. Brawdy v. Howell, 841 So.2d 1175, 1178(¶ 8) (Miss.Ct.App.2003). "This Court will not disturb the chancellor's findings unless the court's actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard." Andrews v. Williams, 723 So.2d 1175, 1177(¶ 7) (Miss.Ct.App.1998) (citing Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997)). Particularly in the areas of divorce, alimony and child support, this Court is required to uphold the findings of fact made by a chancellor that are supported by substantial evidence and that do not indicate arbitrariness or caprice. Henley v. Jones, 880 So.2d 382, 384(¶ 5) (Miss. Ct.App.2004) (citing Newsom v. Newsom, 557 So.2d 511, 514 (Miss.1990)); Uglem v. Uglem, 831 So.2d 1175, 1177(¶ 7) (Miss.Ct. App.2002).

DISCUSSION

I. THE TRIAL COURT ERRED IN NOT ORDERING ROBERT LEE BRYANT TO PAY CHILD SUPPORT ARREARAGE TO BETHANY J. BRYANT.
¶ 6. Beth, in her complaint, sought back child support for the nearly two years that Chad resided with Bobby. This change in custody and child support was an extra-judicial agreement made between Beth and Bobby. The parties agreed that Bobby would be relieved of paying child support while Chad lived with him. After two years of living by that agreement and following Chad's emancipation, Beth now wants to return to the original decree that Bobby is to pay Beth $600 per month child support until further order of the court.
¶ 7. In his judgment, the chancellor denied Beth's request for payment of back child support on the grounds that the payment would unjustly enrich Beth. We agree. Beth had agreed that Bobby would take custody of Chad, support him, and be completely responsible for him. Beth agreed that she would retain custody of Claire and do the same. During the two years of this agreement, Bobby never sought help from Beth, nor she from him. No action was filed between the parties to invalidate this agreement until Chad became emancipated, thereby relieving Beth of any potential for paying child support to Bobby. To allow Beth to be relieved of supporting Chad and also receive child support for him would allow Beth to "have her cake and eat it too."
¶ 8. We, along with the chancery court, find the case of Varner v. Varner, 588 So.2d 428 (Miss.1991) to be applicable in this case. The supreme court in Varner instructed that:
Without doubt or hesitation, we encourage post-divorce detente that parents may cooperate in rearing their children. It follows that, from time to time, adjustments can and should be made without burdening the courts. But see, Alexander v. Alexander, 494 So.2d at 368. The law remains firm that court-ordered child support payments vest in the child as they accrue and may not thereafter be modified or forgiven, only paid. But this does not mean that equity may not at times suggest ex post facto approval of extra-judicial adjustments in the manner and form in which support payments have been made.
Id. at 434.
¶ 9. In Varner, as here, the mother was attempting to take advantage of an extra-judicial agreement that had been negotiated between the parties. There the parties agreed that the father would be relieved of paying child support for two of three children when those children came to live with *631 him. Upon the third child attending college, child support was paid directly to that child.
¶ 10. We find that there is a valid extra-judicial agreement between the parties and that the chancellor did not err in upholding that agreement.

II. THE TRIAL COURT ERRED IN MODIFYING ROBERT LEE BRYANT'S CHILD SUPPORT OBLIGATION WHEN THERE WAS NO REQUEST TO MODIFY CHILD SUPPORT AND NO EVIDENCE AS TO HIS INCOME.
¶ 11. As her second point of error, Beth contends that Bobby did not request a reduction in child support and therefore the issue was not before the court. Alternatively, Beth contends that the trial court erred by reducing the monthly payments from $600 to $300. We do not agree and find no error.
¶ 12. Modification of child support was clearly before the court and Beth was on notice. Bobby filed a counterclaim to modify custody. Contained in that counterclaim was a request that "he be relieved of any obligation to pay child support to Bethany Bryant. . . ." In her answer to the counterclaim by Bobby, Beth responded that no modification of child support was warranted. This response clearly indicates that Beth was on notice for modification of child support. A request for the termination of child support is a request for the modification of child support at its utmost extreme. Any change in child support from a reduction in payment amount to complete termination would be covered by a request for termination of child support.
¶ 13. Beth next argues that the reduction of child support from $600 to $300 is not supported by the evidence and that the trial court did not provide a written finding of facts that support such a reduction. We find that there is sufficient evidence to support the court's determination that child support should be reduced to $300 per month.
¶ 14. Beth points to the statutory minimums contained in Mississippi Code Annotated § 43-19-101 (Rev.2004) as her authority to increase the amount of child support she should be awarded. In the "Child Custody, Child Support and Property Settlement Agreement" the parties agreed that Bobby would pay Beth $600 per month in child support for the support of both Chad and Claire. The agreement states that this amount is within the statutory guidelines. Beth contends that this amount represents twenty percent of Bobby's income at the time of the divorce. Following this logic, Beth now argues that any reduction in child support should be based on the agreed amount in the final decree. This would provide that Bobby would pay child support in the amount of $420 per month instead of $300.
¶ 15. In negotiating a final agreement for child support, parties can agree to pay more than the minimum percentage set out in the Section 41-19-101. Seeley v. Stafford, 840 So.2d 111, 114(¶ 16) (Miss.Ct. App.2003). That is the case here. There is no indication in the agreement between the parties that the $600 per month payment is based on some amount of income Bobby receives each month. This amount is purely an agreement between the parties and should not be used as the basis to determine Bobby's income for calculations of statutory minimums.
¶ 16. In order to determine the amount of child support required, a determination of income must first be made upon which the statutory calculations can be based. At trial Bobby testified that he *632 was currently earning $1,700 per month as owner of a janitorial carpet business and this amount was included on his Rule 8.05 financial form. Bobby's 2001 tax return provided that he had earned $26,689. Beth entered into the record a loan application on which Bobby had indicated that his income was $40,000 per year. From this evidence the court was to determine Bobby's true income and then determine the amount of child support he should pay.
¶ 17. The monthly child support payment of $300 per month is in line with fourteen percent of an annual income of $26,000 per year. This indicates that the trial court, evaluating all the evidence presented, determined that Bobby's yearly income was $26,000 and then based its statutory calculations on that figure. This is not manifest error as there is evidence to support the chancellor's award.
¶ 18. Beth additionally argues that the trial court is required by Mississippi Code Annotated § 43-19-101 to enter a written finding of facts to support the modification of child support. We disagree. The court is only required to make a written finding if deviating from the statutory guidelines. Section 43-19-101(2) states:
The guidelines provided for in subsection (1) of this section apply unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103.
¶ 19. The court applied the guidelines in its determination of the amount of child support and therefore no written findings of fact were required. The amount of $300 is within the statutory guidelines.

III. THE TRIAL COURT ERRED IN FAILING TO HOLD ROBERT J. BRYANT IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE OBLIGATIONS IMPOSED UPON HIM BY THE FINAL JUDGMENT OF DIVORCE AND RELATED SETTLEMENT AGREEMENT.
¶ 20. As Beth's third point of error, she argues that Bobby should have been held in contempt of court for his failure to pay child support and to reimburse her for Claire's medical expense. We do not agree.
¶ 21. The purpose of civil contempt is to enforce or coerce obedience to the orders of the court. Lahmann v. Hallmon, 722 So.2d 614, 620(¶ 19) (Miss. 1998) (citing Jones v. Hargrove, 516 So.2d 1354, 1357 (Miss.1987)). Contempt matters are committed to the substantial discretion of the chancellor. Lahmann, 722 So.2d at 620(¶ 19) (citing Shelton v. Shelton, 653 So.2d 283, 286 (Miss.1995)). "[We] will not reverse a [finding of contempt] where the chancellor's findings are supported by substantial credible evidence." Varner v. Varner, 666 So.2d 493, 496 (Miss.1995) (citing Shipley v. Ferguson, 638 So.2d 1295, 1297 (Miss.1994)).
¶ 22. In a contempt action, when the party entitled to receive support introduces evidence that the party required to pay the support has failed so to do, a prima facie case of contempt has been made. Lahmann, 722 So.2d at 620(¶ 19) (citing Guthrie v. Guthrie, 537 So.2d 886, 888 (Miss.1989)). At this point, the burden shifts to the paying party to show an inability to pay or other defense. Lahmann, 722 So.2d at 620(¶ 19) (citing Duncan v. Duncan, 417 So.2d 908, 909-10 (Miss. 1982)).
*633 ¶ 23. Beth argues that Bobby should be held in contempt for not paying the child support that had been agreed to in the final decree of divorce. As previously discussed in this opinion, that decree had been amended by the parties and was no longer in effect. Bobby cannot be held in contempt for failure to pay this child support.
¶ 24. Beth also argues that Bobby should be held in contempt for failing to pay his portion of Claire's medical expenses. It is true that Bobby had not paid his portion of these expenses, but he did not become aware of them until Beth entered the expenses into the record at trial. At no time had these bills been provided to Bobby. It is clear from the record that upon the court ordering Beth to provided copies of the bills to Bobby, he promptly reimbursed Beth for her expenses. The blame for failure to have her expenses for Claire's medical care reimbursed falls squarely at the feet of Beth, and Bobby should be held blameless.

IV. THE TRIAL COURT ERRED IN FAILING TO AWARD ATTORNEY'S FEES TO BETHANY J. BRYANT.
¶ 25. As her final point of error, Beth argues that the trial court should have awarded her attorney's fees because Bobby was in breach of the original decree for child support and that she had to defend against Bobby's unsuccessful counterclaim to modify custody with respect to Claire. We do not agree.
¶ 26. An award of attorney's fees is not to be given to a party who is unsuccessful in an action she initiates. Young v. Deaton, 766 So.2d 819, 822(¶ 12) (Miss.Ct.App.2000). "A litigant must show something more than the fact that she prevailed in order to recover attorney's fees in most forms of litigation. Mississippi Rule of Civil Procedure 11 contemplates the award of fees in instances involving frivolous or bad-faith litigation, as does the Litigation Accountability Act of 1988, Section 11-55-5 of the Mississippi Code Annotated (Supp.1999)." Id.
¶ 27. To be awarded attorney's fees Beth would have as a threshold had to have been successful in her action against Bobby. She was not. There had been an extra-judicial modification to the child support agreement. Bobby was compliant with the modified agreement. The failure to pay Claire's medical expenses was the result of Beth not providing Bobby with proof of these expenses. His willingness to pay these expenses is evident in the record where upon presentation of these bills Bobby promptly paid them.

CONCLUSION
¶ 28. Finding that the trial court neither abused its discretion nor committed manifest error, we affirm.
¶ 29. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS, JJ., CONCUR.