934 So.2d 359 (2006)
Jesse (Jess) PARKER, Jr., Appellant
v.
Beverly W. PARKER, Appellee.
No. 2005-CA-00675-COA.
Court of Appeals of Mississippi.
July 25, 2006.
*360 Harold O. Grissom, Gulfport, attorney for appellant.
Herbert J. Stelly, Gulfport, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Beverly W. Parker and Jesse Parker, Jr. married in 1980 and divorced in 2004. Although two children were born to the marriage, only one of the children was a minor at the time of the divorce. Beverly sought a divorce on the grounds of uncondoned adultery, to which Jesse confessed. The parties agreed to all but two contested issues in a property settlement, child custody and child support agreement, which the chancellor approved and incorporated into the judgment of divorce. The two issues preserved for trial were the apportionment of alimony and the distribution of tax liabilities from 2003.
¶ 2. The chancellor awarded Beverly $1500 per month in periodic alimony, and Jesse filed a motion to reconsider. Although *361 the motion is not included in the record, the chancellor denied the motion to reconsider, and it is from this denial that Jesse appeals, arguing that the court erred in determining Beverly's alimony. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. This Court's review of an alimony award is well-settled. "Alimony awards are within the discretion of the chancellor, and his discretion will not be reversed on appeal unless the chancellor was manifestly in error in his finding of fact and abused his discretion." Ethridge v. Ethridge, 648 So.2d 1143, 1145-46 (Miss. 1995) (citing Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993)).

I. DID THE CHANCELLOR ERR IN DETERMINING BEVERLY'S ALIMONY?
¶ 4. Jesse argues that the chancellor applied the wrong legal standard in awarding Beverly alimony. As a second assignment of error Jesse also argues that the chancellor's alimony award was manifestly wrong and clearly erroneous based upon the evidence adduced at trial. We disagree.
¶ 5. In Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993), our supreme court outlined twelve factors that must be considered by a chancellor in arriving at findings and entering a judgment for alimony. These factors are: (1) the income and expenses of the parties; (2) the health and earning capacity of the parties; (3) the needs of each party; (4) the obligations and assets of each party; (5) the length of the marriage; (6) the presence and absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide child care; (7) the age of the parties; (8) the standard of living of the parties, both during the marriage and at the time of the support determination; (9) the tax consequences of the spousal support order; (10) any fault or misconduct; (11) wasteful dissipation of the assets by either party; (12) any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
¶ 6. The chancellor considered each of these factors in his judgment, finding that Beverly's need for health insurance, Jesse's substantially larger income, the parties' expenses, and the length of the marriage all weighed in favor of an award of alimony. The chancellor further found that, while Jesse's monthly expenses were approximately $1,742, Beverly's monthly expenses were in excess of $4,000. From the record before this Court, it is clear that Beverly made $16,000 in 2002, as compared to Jesse's income which was barely shy of $80,000. Furthermore, while 2003 was a lucrative year for Jesse, as he earned over $100,000, nothing in the record indicates that Beverly's income exceeded her regular income of $16,000. Beverly's assets, including retirement, were approximately $119,598, while her liabilities, including the mortgage, totaled $92,741. Jesse's assets and liabilities totaled $191,232 and $87,590, respectively. After dividing the parties' assets, Beverly's net monthly income of $2,684 was not sufficient to meet her expenses, including the additional expense of health insurance.
¶ 7. In support of his argument Jesse points to the following language in the chancellor's order denying Jesse's motion to reconsider: "[t]he agreed property division is not relevant to the issue of alimony as none of the property divided is income producing property." Jesse argues that this excerpt clearly indicates a misapplication of the appropriate legal standard in awarding Beverly alimony. Again, we disagree. *362 As reflected in the chancellor's judgment and his order denying the motion to reconsider, the chancellor found a disparity in the households despite the division of assets and the payment of child support.
¶ 8. We cannot agree that the chancellor misapplied the appropriate law. We also do not agree that the chancellor erred in finding that Jesse had the ability to earn in excess of $100,00 per year. That finding was supported by Jesse's tax returns, as well as the financial disclosure submitted to the court by Jesse.
¶ 9. Jesse further argues that the court erred in failing to rule regarding certain tax liability incurred by Jesse in 2003. During trial, Beverly testified that she filed her taxes for 2003 separately because Jesse refused to cooperate with her. Because Beverly filed separately she received a tax refund, whereas Jesse paid additional taxes. In the order denying the motion for rehearing, the chancellor modified the original judgment so that Jesse could claim his daughter as a dependant for tax purposes as long as he paid child support, including any credits for educational expenses. The chancellor considered the effect of the tax liability as evidenced by his awarding Jesse the tax deduction. As noted by the chancellor, "The motion to reconsider addresses a different tax liability for 2003 than reflected in the exhibit. The [c]ourt notes that [Jesse] has significantly less tax liability with the dependancy deduction."
¶ 10. We are well aware of our supreme court's recent holding in M.W.F. v. D.D.F., 926 So.2d 897, 898(¶ 2) (Miss.2006), in which the supreme court dismissed an appeal because the judgment of divorce did not dispose of all of the claims presented to the trial court and the trial court did not certify the judgment under M.R.C.P. 54(b).
¶ 11. Rule 54(b) provides:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54(b) (emphasis added).
¶ 12. Without a certification under Rule 54(b), "any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." M.R.C.P. 54(b) cmt; see also Owens v. Nasco Int'l., Inc., 744 So.2d 772 at 774(¶ 8) (Miss.1999) (citing Williams v. Delta Reg'l Med. Ctr., 740 So.2d 284, 285 (Miss.1999)).
¶ 13. Notwithstanding the chancellor's failure to explicitly state that he was ruling on the tax liability from 2003, we find that the judgment was, indeed, a final judgment in compliance with Rule 54. It is clear from the chancellor's order that the tax liability discussed in the motion for rehearing (which was not included in the record before this court) was different from the tax liability presented at trial. Furthermore, in ruling on the motion for *363 rehearing, the court accommodated Jesse by allowing him to claim his daughter as a tax deduction. Having reviewed the chancellor's rulings, we cannot agree with Jesse's contention. This argument is without merit.
¶ 14. "The amount of alimony awarded is a matter primarily within the discretion of the chancery court because of `its peculiar opportunity to sense the equities of the situation before it.'" Tilley v. Tilley, 610 So.2d 348, 351 (Miss.1992) (quoting Holleman v. Holleman, 527 So.2d 90, 94 (Miss.1988)). On appeal we are required to affirm a chancellor's findings of fact that are supported by credible evidence and are not manifestly wrong. Henley v. Jones, 880 So.2d 382, 383-84(¶ 5) (Miss.Ct.App.2004). Considering the chancellor's thorough application of the Armstrong factors, as well as our deferential standard of review, we find Jesse's arguments to be without merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.