LEE, P.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Chad Gregory Potts and Felicia Dawn Windham were granted a divorce on October 25, 2000, in the Chancery Court of Alcorn County. Felicia was granted custody of the couple’s five-year-old son. Chad *591 was ordered to pay $300 per month in child support and provide medical insurance for the child. Chad was given the right to claim the child as a dependent for tax purposes.
¶ 2. In June 2008, Chad filed a complaint seeking custody of the couple’s son. Felicia filed a counterclaim alleging that Chad was in contempt of court for failure to pay child support and certain medical expenses. Chad admits that he had fallen behind in paying child support, but he contends that as a substitute for child support, he allowed Felicia to claim the child as a dependent on her tax returns. Felicia denied that there was an agreement, but she admitted that she claimed the child as a dependent from 2001 through 2007. An accountant testified that the sum of tax benefits she received was $18,139.
¶ 3. After a trial, the chancellor held Chad in contempt for failure to pay child support. Felicia was awarded $21,469 in past-due child support, plus $874.08 for unpaid medical expenses. Chad’s motion to modify custody was denied, although the chancellor expanded his visitation rights and lowered his monthly child-support obligation.
¶ 4. Chad now appeals, asserting the following issues: (1) the chancellor erred by failing to give him credit for income tax credits claimed by Felicia; (2) the chancellor erred in finding no material change in circumstances adverse to the child’s best interest; and (3) the chancellor erred in not articulating why his request for custody was denied when the child, who was twelve years old, stated that his preference was to live with Chad.
STANDARD OF REVIEW
¶ 5. This Court “will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Sanderson v. Sanderson, 824 So.2d 623, 625-26 (¶ 8) (Miss.2002).
DISCUSSION
I. CHILD SUPPORT
¶ 6. Chad argues that the chancellor’s order did not take into consideration that he and Felicia had an extra-judicial agreement whereby Felicia could claim their child as a dependent on her tax returns. Chad argues that the $21,469 in past-due child support he owes should have been offset by Felicia’s $18,139 gain in tax benefits.
¶ 7. In denying Chad’s request for an offset, the chancellor stated that “any adjustment to the child support arrearage ... would be improper and the prayer therefor is denied, in part[,] due to the fact that the alleged agreement was never submitted to the [cjourt for approval pursuant to the case of Wilburn v. Wilburn[,] 991 So.2d 1185 ([Miss.] 2008).”
¶ 8. We find that the chancellor erred in concluding that Chad should not receive an offset. The facts of this case are similar to those presented in Dorr v. Dorr, 797 So.2d 1008 (Miss.Ct.App.2001). In Dorr, Houston Dorr was ordered to pay child support to his former wife, Susanne Dorr. Id. at 1011 (¶ 3). In recognition of this, Houston was given the right to claim the child as a dependent for tax purposes. Id. He failed to make consistent child-support payments from 1985 to 1994. Id. at 1010 (¶ 1). In 1988, Houston relinquished his right to claim the child as a dependent for tax purposes to Susanne. Id. at 1011 (¶ 4). This was done without the chancellor’s knowledge or approval. Id. Susanne claimed the tax exemption from 1988 through 1994 and received a $4,300 tax benefit from doing so. Id. at 1014 (¶ 15). *592 In 1998, Susanne sought to collect all delinquent amounts of the child support owed. Id. at 1011 (¶ 6). This Court found that while the chancellor had no authority to enforce the extra-judicial agreement, the chancellor erred by not giving Houston credit for giving up his right to the exemption. Id. at 1015 (¶ 19). This Court held:
In our view, this financial benefit to [Susanne] for the child’s benefit, though not directly derived from [Houston]’s own income, in equity ought to be considered as a credit towards [Houston’s recurring child support obligations accruing during the same period, much in the same manner that such indirect payments as social security payments to dependent children derived through the efforts of the obligee have been allowed as credit toward child support. See, e.g., Bradley v. Holmes, 561 So.2d 1034, 1035 (Miss.1990).
Id. at 1015 (¶ 19).
¶ 9. In the case at hand, the chancellor stated that she had “considered the equities of the dispute pursuant to Dorr ..., and [found] that even though [Felicia] was in violation of the prior court order, [Chad] suffered no harm and provided no proof of what loss he incurred by her actions.” Chad did not suffer harm from conceding the tax exemption because his income was not enough to benefit from the exemption. The chancellor noted that Chad saved a considerable amount of money by not paying the court-ordered health insurance for the child. Health insurance was provided for the child by Felicia’s new husband, and the benefit of this insurance was not calculated.
¶ 10. We cannot agree that the chancellor correctly considered the equities pursuant to Dorr. In Bryant v. Bryant, 924 So.2d 627, 630 (¶ 7) (Miss.Ct.App.2006), this Court stated:
The law remains firm that court-ordered child support payments vest in the child as they accrue and may not thereafter be modified or forgiven, only paid. But this does not mean that equity may not at times suggest ex post facto approval of extra-judicial adjustments in the manner and form in which support payments have been made.
(quoting Varner v. Varner, 588 So.2d 428, 434 (Miss.1991)).
¶ 11. We find that Felicia received a considerable financial benefit by claiming the child as a dependent, and it was error for the chancellor not to give Chad an offset. Whether or not Chad suffered harm by giving up the exemption is irrelevant. This is consistent with this Court’s finding in Dorr, which states: “[Susanne] received a very real financial benefit by virtue of [Houston]’s willingness, no matter what the incentive, to forego his right to claim the child as a dependent for tax purposes and to relinquish that right to her.” Dorr, 797 So.2d at 1014 (¶ 19) (emphasis added). Since Felicia claimed the tax exemption instead of Chad, Chad should have received an offset. However, equity also requires that any credit against delinquent child support granted to Chad should be reduced by the amount which Felicia and her new husband incurred as a result of Chad’s failure to provide the court-ordered health insurance for the minor child. We reverse the chancellor’s order, in part, and remand this case for a calculation of the credit due to Chad, properly accounting for the tax benefit which Felicia received, as well as the costs which she incurred in providing health insurance for the minor child.
II. MATERIAL CHANGE IN CIRCUMSTANCES
III. CHILD’S PREFERENCE
¶ 12. Chad argues that the chancellor erred in finding no material change *593 in circumstances had occurred such that a change of custody should be granted.
¶ 18. The test for custody modification is as follows: “(1) whether there has been a material change in circumstances which adversely affects the welfare of the child and (2) whether the best interest of the child requires a change of custody.” Floyd v. Floyd, 949 So.2d 26, 29 (¶ 10) (Miss.2007) (citing Weigand v. Houghton, 730 So.2d 581, 585 (¶ 15) (Miss.1999)).
¶ 14. As evidence of a material change in circumstances adverse to the child’s best interest, Chad alleged that Felicia and her new husband argued in front of the child; Felicia used curse words in front of the child; Felicia’s husband criticized the child; and two occasions of physical violence had occurred between Felicia and her husband. The chancellor found that these “isolated incidents” were insufficient to warrant a modification of custody. In addition, the chancellor noted that in Chad’s testimony under cross-examination, Chad admitted that he could not demonstrate any adverse effect of Felicia’s custody. Chad has not shown a material change in circumstances, and there was no indication that a change in custody was necessary to serve the child’s best interest. Riley v. Doerner, 677 So.2d 740, 744-45 (Miss.1996).
¶ 15. Chad next argues that the chancellor failed to consider the child’s preference despite the child being of a sufficient age to state a preference. A child’s preference of where to live is a factor to be considered in determining child custody. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). However, an analysis under Albright was not reached because no material change in circumstances was found. Despite Chad’s argument that the chancellor ignored the child’s age and preference, the chancellor clearly recognized these factors when increasing Chad’s visitation. This issue is without merit.
¶ 16. THE JUDGMENT OF THE AL-CORN COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.